JAMES B. CORBETT, Respondent, *v.* THE TWENTY-THIRD STREET
RAILWAY COMPANY, Appellant.

The rule of the common law, that an action to recover damages for a per-
sonal injury abates on the death of the plaintiff, is not changed by the
Code of Civil Procedure except where " a verdict, report or decision " has
been rendered upon the issues.   (§ 764.)
A nonsuit on trial by jury is not a " decision " within the meaning of said
Code, nor is an order of General Term reversing a judgment entered on
the nonsuit; that word refers to a decision made by a court on trial
without a jury.
A stipulation for judgment absolute, in case of affirmance, given by defend-
ant on appeal to this court from the General Term order of reversal, does
not prevent the abatement of the action, where plaintiff dies after the
appeal

(Argued June 18, 1889;  decided June 25, 1889.)

MOTION to revive and continue.

The action was brought to recover damages for personal
injuries.

On trial at circuit the court nonsuited plaintiff.   From the
judgment entered thereon plaintiff appealed to the General
Term, which reversed the judgment and ordered a new trial.
Defendant appealed from the order to this court giving the
requisite stipulation for judgment absolute in case of affirm-
ance.   After the appeal was perfected the plaintiff died.

*Hermon H. Shook* for motion.   The motion is properly
made to this court.   (Code of Civil Pro. § 1299.)   There
having been two decisions in this case before the death of the
plaintiff, the action has not abated.   (Code of Civil Pro.
§§ 764, 3343, sub. 5 ; *Eaton* v. *Wells*, 82 N. Y. 576; *Coit* v.
*Bland*, 12 Abb. 462 ; 22 How. 2.)   Under the former Code
of Procedure a verdict was necessary to prevent an abatement.
(Code of Pro. § 121.)   The courts limited it to cases where
the verdict was upheld.   (*Woods* v. *Phillips*, 11 Abb. [N. S.] 1 ;
*Spooner* v. *Keeler*, 51 N. Y. 527.)   If a verdict was set aside,
before or after the death of a party, the representatives could pros-

ecute any appeal or other remedy capable of restoring it. (*Woods* v. *Phillips*, 11 Abb. [N. S.] 1.) It seems to have been left an open question whether the action could be continued after a final order for a new trial. (Code of Civil Pro. § 764; Laws of 1881, chap. 277.) The present motion should be granted as the judgment here has not yet been finally set aside. (Code of Civil Pro. §§ 191, sub. 1, 194.) As there was a non-suit the facts and law were both before the General Term, and, consequently, when the appeal comes on to be heard here it will present a case for the application of the rule that where a new trial is ordered by the General Term, when the facts and law are both before it, if the defeated party, instead of going back for a new trial, appeals to the Court of Appeals with a stipulation, he incurs the danger of an affirmance even on technical grounds and a judgment absolute. (*Mackey* v. *Lewis*, 73 N. Y. 382; *Arnold* v. *Robertson*, 50 id. 683; *Jameson* v. *Ring Ass.*, 54 id. 673; *People* v. *Supervisors*, 70 id. 228; *Krekeler* v. *Thaule*, 73 id. 608; *Godfrey* v. *Moser*, 66 id. 250.) The stipulation of the appellant was a virtual waiver of all questions save the one question of the opinion of this court on the rights of the parties. (*Cox* v. *R. R. Co.*, 63 N. Y. 414.)

*Leslie W. Russell* opposed. The action has abated. (2 R. S. 447, §§ 1, 2; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Cregan* v. *Crosstown R. R. Co.*, 75 id. 192; 83 id. 595; *Price* v. *Price*, 75 id. 244.) The determination of the General Term was not a "decision" within section 764 of the Code of Civil Procedure. (Code of Civil Pro. §§ 1010, 1022; *Adams* v. *Nellis*, 59 How. Pr. 385.) If the judgment at the circuit had been in favor of the plaintiff instead of the defendant, and it had been reversed and a new trial ordered, plaintiff's death before the second trial would have stopped the action. (*Stringham* v. *Stewart*, 22 Abb. N. C. 281.) The case would be different if the plaintiff had had a verdict at circuit and the General Term had reversed it. Then an appeal could have been prosecuted by plaintiff's representatives because they

would have been seeking to restore the judgment, a property right, and would not have been proceeding to establish the original cause of action. ( *Wood* v. *Phillips*, 11 Abb. [N. S.] 1.) The thing the executors seek to defend is not a judgment, but merely an order that the original cause of action shall be heard and the personal injuries assessed. (*Spooner* v. *Keller*, 51 N. Y. 537; *Comstock* v. *Dodge*, 43 How. Pr. 97; *Kelsey* v. *Jewett*, 34 Hun, 11; *Smith* v. *Lynch*, 12 N. Y. Civ. Pro. Rep. 348.)

FOLLETT, Ch. J. This action is for a recovery of damages for a personal injury (Code of Civ. Pro. § 1343, subd. 9), and the rule of the common law that such an action abates on the death of the plaintiff is not changed by section 764 of the Code of Civil Procedure, unless a verdict, report or decision has been rendered upon the issues. Neither a verdict nor a report has been rendered in this action. The word " decision," as used in this section, refers to a decision made by a court upon a trial of issues without a jury. (Code of Civ. Pro. § 1343, subd. 5.) This action was not tried by the court without a jury, and the nonsuit is not a decision within the meaning of section 764. The order of the General Term reversing the judgment entered on the nonsuit was not made upon the hearing or trial of the issues, and is not a decision within the meaning of the section last cited.

The stipulation given by the defendant upon appealing to this court does not prevent the abatement of the action. The law-making power did not intend that the stipulation provided for in subdivision 1 of section 191 should relate to or affect the survivability of causes of action, or the abatement of actions; nor did either of the parties to this action intend that the stipulation should affect or have any relation to the abatement of the action, or to the survivability of the cause of action. The action has abated and the court is without power to revive it.

The motion to revive should be denied, with costs.

All concur.

Motion denied.