### CAMPBELL v. GALLAGHER et al.

*(Superior Court of New York City, Special Term.  January 18, 1890.)*

REVIVAL OF ACTIONS—DEATH OF PLAINTIFF—COSTS.

Code Civil Proc. N. Y. § 1296, gives the right of appeal to a person aggrieved by an order, who, though not a party to the suit, is entitled to be substituted in place of a party; or who has acquired, since the order was made, an interest which, if previously acquired, would have entitled him to be so substituted. *Held* that, where plaintiff dies pending appeal from an order dismissing his complaint, and awarding costs against him, in a suit that from its nature abates on his death, his administratrix may have the suit revived in her name, and prosecute the appeal to relieve herself from liability for the costs.

Action by William F. Campbell, an infant, by guardian *ad litem*, against one Gallagher and others, for assault and battery and false imprisonment. At the trial an order was made dismissing the complaint, and awarding costs against plaintiff. Pending an appeal from this order, plaintiff died; and Sarah Ann Campbell, who was appointed and qualified as his administratrix, moves to revive the action in her name. Section 1296 provides: "A person aggrieved, who is not a party, but is entitled by law to be substituted in place of a party; or who has acquired, since the making of the order or the rendering of the judgment appealed from, an interest which would have entitled him to be so substituted, if it had been previously acquired,—may also appeal, as prescribed in this chapter for an appeal by a party."

*Cornell, Secor & Paige*, for the administratrix.    *F. G. Gallagher*, for defendant.

DUGRO, J.  The administratrix of the plaintiff's estate moves that she be substituted plaintiff, and that the action, which is for damages for personal injuries, be revived and continued in her name as such administratrix. Upon the trial the plaintiff was nonsuited, and judgment entered accordingly, with costs. Pending an appeal to the general term, the plaintiff died. It appears that the sole design for a revival and continuance of the action is that the appeal from the judgment may be prosecuted, and so the plaintiff's representative be afforded an opportunity of relieving herself from liability for the costs of the nonsuit. The defendant's counsel contends that, the cause of action having ceased to exist upon the death of the plaintiff, the action cannot be revived, and to support his position he relies mainly upon *Pessini* v. *Wilkins*, 54 N. Y. Super. Ct. 146, and *Corbett* v. *Railway Co.*, 114 N. Y. 579, 21 N. E. Rep. 1033.  His contention would probably be correct if it were the design of the mover to continue the action for any other purpose than to relieve herself from liability upon the judgment.  In the case of *Pessini* v. *Wilkins* the appellant did not claim to be aggrieved because of costs; he asserted that the cause of action survived the death of a defendant. The court held that this was not so. Whether the appellant had a right to revive the action for the purpose of an appeal from the judgment, in order to relieve himself from costs of the nonsuit, does not appear to have been presented to the attention of the court, or intentionally passed upon.  In *Corbett* v. *Railway Co.*, the plaintiff, who moved to revive, was in no way aggrieved by the judgment appealed from, and no question as to costs arose, the general term having reversed a nonsuit at the trial.  In the present case the administratrix claims to be and is aggrieved by the judgment against her intestate, for she is by it

liable to pay certain costs, and, as a step towards relieving herself from this liability, she makes the present motion. Section 1294 of the Code of Civil Procedure reads: "A party aggrieved may appeal in a case prescribed in this chapter, [chapter 12,] except where the judgment or order of which he complains was rendered or made upon his default." It has been held that the words "party aggrieved" embrace the representatives of a deceased party. *Beach* v. *Gregory,* 2 Abb. Pr. 203–209; *Martin* v. *Kanouse,* Id. 392. If this interpretation be correct, then, as the judgment in this action is prescribed in chapter 12 of the Code as appealable, the administratrix has a right to appeal; but, if this be not a true interpretation of the words, the right of appeal exists, it seems, in a case such as the present, by virtue of section 1296 of the Code of Civil Procedure. See *Ross* v. *Wigg,* 100 N. Y. 243, 3 N. E. Rep. 180. Every right incidental to and necessary for an appeal attends the right of appeal; and so, if the revival of the action and its continuance in the name of the administratrix is necessary in order that an appeal may be prosecuted, the right to revive and continue the action must be had as incidental to the right of appeal. v. *Peer* v. *Cookerow,* 13 N. J. Eq. 136. Of course, as the cause of action ceased to exist upon the plaintiff's death, there can be no relief obtained by appeal other than from the costs at trial term. The motion should be granted, with $10 costs.