(6 Misc. Rep. 50.)

PEETSCH v. QUINN. (No. 1.)

(City Court of New York, General Term. November 27, 1893.)

1. FILING OF DECISION—PRESUMPTION AS TO TIME.
   Where an affirmance of the general term is handed down and filed on the day of defendant's death, it will be presumed, in the absence of positive proof as to the exact time of filing, that it was filed during defendant's lifetime.

2. DEATH OF PARTY—SUBSEQUENT ENTRY OF JUDGMENT.
   An affirmance by the general term upon the hearing and trial of the issues is a decision, within the meaning of Code Civil Proc. § 763, providing that if either party to an action die after a verdict "or decision," but before final judgment is entered, the court must enter final judgment in the names of the original parties.

Appeal from special term.

Argued before VAN WYCK and McCARTHY, JJ.

Johnson & Johnson, for appellant.

Michael H. Curran, for respondent.

McCARTHY, J. This is an appeal from an order denying a motion to vacate an order of affirmance in the action on the ground that the same was entered in the names of the original parties to the action, although the defendant had died five days before the entry of such order. The decision of the general term was handed down and filed on November 16, 1891, and the defendant died the same day, about 10 A. M. According to the papers used on this motion, no time is stated when the decision was filed. The order of affirmance was entered November 20, 1891. In the absence of positive proof as to exact time of filing the decision

of general term, the presumption is it was filed during the lifetime of the defendant. The order entered on November 20, 1891, was therefore proper, and in accordance with Code Civil Proc. § 763.[1] This is supported by Long v. Stafford, 103 N. Y. 281, 8 N. E. 522. The case cited by appellant (Corbett v. Railroad Co., 114 N. Y. 579, 21 N. E. 1033) does not apply. In that case a nonsuit had been granted, and an appeal taken, and the general term reversed the order, and granted a new trial. Follett, C. J., in that case, says:

"Neither a verdict nor a report has been rendered in this action. The word 'decision,' as used in this section, refers to a decision made by a court upon a trial of issues without a jury. Code Civil Proc. § 3343, subd. 5. This action was not tried by the court without a jury, and the nonsuit is not a decision, within the meaning of section 764. The order of the general term reversing the judgment entered on the nonsuit was not made upon the hearing or trial of the issues, and is not a decision, within the meaning of the section last cited."

In the case at bar, it was an affirmance made upon the hearing and trial of the issues. Order is therefore affirmed, with costs.