## JONAS G. JOHNSON vs. JOHN F. RAMBERG.

Argued April 7, 1892.   Decided April 25, 1892.

**Negligence—Absence of.**—The defendant, a merchant, allowed customers to enter his store by passing through an adjoining wareroom used by him for receiving and storing goods. The plaintiff, while passing through the wareroom to enter the store, fell down a cellar stairway by reason of not looking where he went. *Held,* that the defendant was not responsible.

Appeal by defendant, John F. Ramberg, from an order of the District Court of Chisago County, *Williston,* J., made December 17, 1891, refusing his motion for a new trial.

The defendant, on November 6, 1889, had a general retail store at Rush City, Minn. Plaintiff was a farmer, sixty years of age, and went there in the afternoon of that day to buy goods, and fell down the cellar stairs, as stated in the opinion. The action was tried October 15, 1891. Plaintiff had a verdict for $500. The defendant moved for a new trial, and appealed from the order denying it.

*D. Murphy,* for appellant.

The defendant was not negligent in the premises. The stairs were properly constructed and well lighted and well adapted for the use for which they were built, and their use was entirely of a private nature. They were not intended for use by customers.

The plaintiff was negligent in the premises, and did not use ordinary care or prudence. *Donaldson* v. *Milwaukee & St. P. Ry. Co.,* 21 Minn. 293.

*S. C. Olmstead,* for respondent.

The passage through the wareroom had become one of the usual means of entrance to the store, and plaintiff had a right to use it in entering the store as a customer of the defendant. *Minneapolis Mill Co.* v. *Wheeler,* 31 Minn. 121; *Trask* v. *Shotwell,* 41 Minn. 66; *Nash* v. *Minneapolis Mill Co.,* 24 Minn. 501; *O'Callaghan* v. *Bode,* 84 Cal. 489.

There was sufficient evidence to warrant the jury in finding that the stairway, located so near the passage and in the shade, was dangerous, and that it should have been protected by a bar or guard of some kind. Just as plaintiff reached the door leading into the store, he was suddenly brought face to face with the defendant, coming in the opposite direction. He did the most natural and proper thing in the world, — stepped aside to let him pass, — and fell. It is not contributory negligence not to look out for danger when there is no reason to apprehend any. Beach, Contrib. Neg. 41; *Grand Rapids & I. R. Co.* v. *Martin*, 41 Mich. 667; *Engel* v. *Smith*, 82 Mich. 1.

DICKINSON, J. The defendant was engaged in the business of a merchant in a village in this state. The building occupied by him consisted of a large, well-lighted room, where he sold goods and did business with his customers, and which will be hereafter designated as the "store," and of a long room, 18 feet wide, extending along the west side of the store, from which it was separated only by a partition. A door in this partition, partly composed of glass, afforded communication between the two rooms. The room last described will be designated the "wareroom." This was used for the storing of large packages, and of cumbersome and heavy goods, such as pork, fish, salt, oil, nails, etc., and also as a place where the defendant received goods in bulk, including potatoes and other produce brought to him by farmers. The main entrance to the store was directly from the street at the south end or front. There was also an entrance in the rear, near the northwest corner. In the middle of the west wall of the wareroom was a sliding door six feet wide and seven feet high, arranged so as to be opened, closed, and fastened from the inside only, and which was designed and principally used for receiving or shipping out goods as above indicated; but some of the defendant's customers used to occupy vacant premises just west of the building as a place for their teams to stand, and those leaving their teams there would often enter the store from that side, when they found the large sliding door open, passing through that, across the wareroom, and into the store through the glass door before referred to, which

was nearly opposite the large sliding door. This had been allowed to such an extent that it may be said that people were permitted to enter the store by that way. The only stairway leading into the cellar of the building was in the wareroom, close to the partition between the rooms, and nearly opposite the large sliding door. The head of the stairway was about a foot and a half south of the door in the partition, and from that point the stairs descended to the south, beside the partition. There was no railing around the stairway, but the opening in the floor around the stairway was protected by a tier of barrels standing around it, except at the head of the stairs, where the passageway to and down the stairs was unobstructed and open. The wareroom was lighted by a window in the front or south end, by a window over the sliding door, opposite the stairway, by the large doorway, when that door was open, and by the glazed door in the partition near the head of the stairway.

In the daytime the plaintiff, finding the sliding door in the wareroom wide open, sought to enter the store by that way, as we assume he had license to do. He had never been there before. Entering the wareroom, he crossed over to the partition door to pass through that into the store, but, as he says, meeting the defendant coming into the wareroom from the store, he stepped aside for him to pass, and in doing so he stepped off the head of the stairs and fell, causing the injuries for which a recovery is sought. The action is founded upon the alleged negligence of the defendant in respect to the unguarded condition of the stairs.

The bare statement of these facts of the case, together with the admissions of the plaintiff in his testimony, show that the verdict against the defendant was not justified. The evidence shows conclusively, and without denial, that the room was so light that any one who looked about him would see the open stairway. The plaintiff admits that he could have seen it if he had looked, but that he did not look.

Not only was the wareroom light, but the stairway and the cellar below were light. While the plaintiff was permitted to pass through the wareroom into the store, he could not but know from the sur-

roundings that the place was not a passageway merely, but that it was also largely, if not principally, devoted to the private uses of the proprietor connected with his business; and the plaintiff was not justified either in closing his eyes as he went through, or in neglecting to observe where he went. He was not justified in assuming that the place was so free from obstacles and from the ordinary conveniences for business that he could move anywhere without paying any attention to the surroundings. On the contrary, it could not but be apparent to any one that the place was intended and used principally, at least, for such private purposes of the proprietor that obstructions to passage, and such ordinary conveniences as a cellar stairway, might be expected to be there; and, if people chose to enter the store by this way, they should exercise some care to avoid such things when they were plainly to be seen. The case shows conclusively that the plaintiff did not do so.

We do not see that the defendant is chargeable with negligence but, if he is, the accident is to be attributed in part, at least, to the neglect of ordinary care on the part of the plaintiff, and the verdict was not justified.

Order reversed.

(Opinion published 51 N. W. Rep. 1043.)