(Opinion published 56 N. W. Rep. 587.)

---

55  134
67  422

HENRY C. COOPER *vs.* ST. PAUL CITY RY. CO.

Motion submitted on briefs Oct. 16, 1893.   Granted Oct. 24, 1893.

No. 8253.

**Death of a party after verdict in an action for a tort.**
Where one of the parties dies after the rendition of a verdict in an action brought to recover for personal injuries sustained by the plaintiff through the carelessness or negligence of the defendant, the action does not abate, but may be continued by or against the personal representatives of the deceased, under the provisions of 1878 G. S. ch. 66, § 41.

Motion by Mrs. Cooper, executrix of the will of Henry C. Cooper, deceased, to vacate the proceedings in this Court taken subsequent to his death on August 2, 1893.

Henry C. Cooper was a passenger on October 6, 1891, from Merriam Park east to Marion Street in St. Paul on the Interurban Electric Line of Street Cars along University Avenue. While he was alighting at Marion Street the car was started suddenly and he fell and was injured. He brought this action against the Street Railway Company to recover damages for the injury and on November 10, 1892, he obtained a verdict for $8,800. The defendant made a motion for a new trial, but was denied and it appealed from the order to this Court. The appeal was argued here on June 16, 1893, and the decision of this Court was filed August 1, 1893, affirming the order refusing a new trial (54 Minn. 379). On the following day the plaintiff departed this life testate. His will was proved and letters testamentary were issued to his widow and she now on notice moves this Court to be substituted as plaintiff in the action in the place of the testator. She also asks that the proceedings in this Court subsequent to his death be vacated.

*A. G. Briggs,* for testatrix.

*McCafferty & Noyes,* for Railway Co.

1878 G. S. ch. 66, § 41, is a general provision covering all actions *ex delicto,* while 1878 G. S. ch. 77, § 1, is a special provision with reference to a particular class of such actions, viz: actions arising out of injury to the person. Under the rules of construction this makes section 1 of chapter 77 an exception to section 41, chapter 66. There is no rule of construction more reasonable or better settled than that special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. *State ex rel.* v. *Goetze,* 22 Wis. 363; Sedgwick, Stat. Const. § 217; *Felt* v. *Felt,* 19 Wis. 193.

The statute having created a special cause of action for the representative of a deceased person where death has resulted from a wrongful act, no other can be maintained. If this action can be maintained, then there is either a double liability or else one action is a bar to the other. The money obtained in this action must be assets of the estate, subject to all just debts owing by the dece-

dent. If his debts are greater than his assets, then everything is swallowed up by the debts. The widow or next of kin derive no benefit; but 1878 G. S. ch. 77, § 2, contemplates that if the injured party does not himself obtain compensation for his injuries and dies as the result thereof, his widow and kindred shall not be deprived of pecuniary benefits that would probably have enured to them had he lived and they may recover damages, which are not part of his estate or subject to the payment of the debts of the decedent.

This verdict cannot pass to the executrix, for there is nothing to pass. A verdict in an action *ex delicto* is not property. It has not even such a potential existence as to be assignable. This Court has said: "Such a right has not the ordinary attributes of property and is not a subject of sale and transfer, nor does the rendition of a verdict upon such a cause of action make it assignable. Only by the rendition of a judgment is such a personal right of action converted into a debt." *Hunt* v. *Conrad,* 47 Minn. 557.

We have been unable to find statutes exactly like the provisions of our statutes herein referred to. New York Code, § 764, provides that "After verdict, report or decision to recover damages for a personal injury the action does not abate," &c. Wisconsin R. S. § 4253, was amended by Laws 1887, ch. 280, so that an action for assault and battery or false imprisonment or other damage to the person shall survive, and the case of *Hiner* v. *City of Fond du Lac,* 71 Wis. 74, is not in point. *Meese* v. *City of Fond du Lac,* 48 Wis. 323; *Randall* v. *Northwestern Tel. Co.,* 54 Wis. 140; *Munro* v. *Pacific Coast D. & R. Co.,* 84 Cal. 515; *Stout* v. *Indianapolis, &c., R. Co.,* 41 Ind. 149; *Indianapolis, &c., R. Co.* v. *Stout,* 53 Ind. 143; *Holton* v. *Daly,* 106 Ill. 131.

COLLINS, J. This action was brought to recover for personal injuries said to have resulted to plaintiff through the carelessness and negligence of one of defendant's servants while engaged in the operation of an electric car. A verdict was rendered for plaintiff, and from an order denying defendant's motion for a new trial an appeal was taken. August 1, 1893, this court affirmed the order appealed from, 54 Minn. 379, (56 N. W. Rep. 42,) and on the day following plaintiff died. The motion now before us, made in behalf of the executrix of the last will and testament of the deceased,

is that all proceedings had in the action since the plaintiff's death be vacated and set aside, and that she be substituted as the proper party plaintiff. This motion is resisted on the ground that the action died with the plaintiff, and the right to further prosecute the same cannot devolve upon his personal representative. To properly determine this question we are referred to certain provisions found in 1878 G. S. ch. 66, § 41, ch. 77, §§ 1, 2. Section 1 of the last-mentioned chapter declares that a cause of action arising out of an injury to the person dies with the person of either party, except as provided in section 2 of the same chapter. This, save as to the exception, is simply the common-law rule. Said section 2 provides that, when death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action had he lived, for an injury caused by the same act or omission. This action must be brought within a specified period of time after the decease, and the damages recoverable, limited in amount, are for the exclusive benefit of the widow and next of kin, the estate of the decedent not profiting thereby. These two sections, and, in substance, all but the last paragraph of section 41, ch. 66, *supra*, had been in force in this state for many years when, by Laws 1876, ch. 46, there was added to section 41 a separate and independent provision or paragraph, which we regard as controlling this case. As it originally stood, section 41 provided that an action should not abate by the death of a party when the cause of action survived or continued. Then followed regulations in respect to the manner in which the actions referred to should thereafter be conducted. To these provisions was added in 1876, as before stated, the following language: "After a verdict of a jury, decision or finding of a court or report of a referee in any action for a wrong, such actions shall not abate by the death of any party;" and the section, as thus added to, has not been changed by any subsequent legislation. It is evident that these words were not designed to have any effect upon any action which then survived the decease of either party, and could be continued by or against a personal representative. Such were already provided for, no matter when the disability came. It is equally as evident that this

paragraph was incorporated into the statutes for the purpose of reaching a class of actions which theretofore abated when death overtook either party. Unless this be the case, no effect whatsoever can be given the language used, and no such result can be permitted. The language used is broad and comprehensive. Every action brought to redress a wrong seems to have been included, and none are excluded from the operation of the statute. The one now before us was brought by the late plaintiff to redress a private wrong done to his person, and in his lifetime a verdict was rendered in his favor. It was of the class of actions expressly covered by the statute, or the statute itself is meaningless, and it did not abate when he died. No other view could well be taken were there no precedents to be found. But the fact is that this same language when adopted by our legislature was taken from New York. Wait's Ann. Code, § 121. It had also been construed by the courts of that state prior to 1876. *Lyons* v. *Third Avenue Railroad Co.,* (1867,) 7 Rob. (N. Y.) 605; *Wood* v. *Phillips,* (1871,) 11 Abb. Pr. (N. S.) 1. In this last case Mr. Justice Rapallo said: "A claim for damages for a purely personal wrong, while it remains unliquidated and unascertained by a verdict, dies with the person, but the intention of the section of the Code above cited seems to be to prevent this result after the claim has been ascertained by a verdict. In that case the verdict becomes property, which passes to the representatives of the deceased as a judgment would at common law. It then becomes the duty of the executor or the administrator to defend it for the benefit of the estate." See, also, the later cases of *Kelsey* v. *Jewett,* 34 Hun, 11, and *Corbett* v. *Twenty-Third St. Ry. Co.,* 114 N. Y. 579, (21 N. E. Rep. 1033.)

As a reason why the construction herein adopted should not prevail, it is argued by counsel that this action when continued would not be a bar to another action brought under the provisions of 1878 G. S. ch. 77, § 2, before cited, for the exclusive benefit of the widow and next of kin of the deceased. We are not required to express an opinion as to this, for the question is not in this case, and we should not anticipate its coming in another. In conclusion, we can say that we see no repugnance in the various sections herein cited, and no difficulty in the way of harmonizing

them, so that each may stand and be applied as occasion arises. The clerk of this court will make such entries as will vacate and set aside all proceedings had herein subsequent to the demise of, and in the name of, the original plaintiff, and will also formally substitute the executrix of his last will and testament as plaintiff in this action.

(Opinion published 56 N. W. Rep. 588.)