## W. H. KENT v. CHARLES E. CHAPEL.[1]

February 9, 1897.

Nos. 10,313—(253).

**Verdict for Tort—Assignment.**

G. S. 1894, § 5171, provides that, after a verdict of a jury or report of a referee in any action for a wrong, such action shall not abate by the death of any party. *Held* that, under this statute, a verdict in an action for a wrongful personal injury is assignable. Hunt v. Conrad, 47 Minn. 557, distinguished.

Appeal by defendant from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*Edmund S. Durment,* for appellant.

*P. J. McLaughlin,* for respondent.

BUCK, J. The trial court found as facts in this case that:

"(1) On November 18, 1893, in an action then pending in this court, wherein one Thomas C. Connors was plaintiff and Frank G. Brady was defendant, brought to recover damages for an assault alleged to have been theretofore wrongfully and maliciously made by said Brady upon said Connors, a verdict was duly rendered and given in favor of said plaintiff, Connors, against said defendant, Brady, for $425, which verdict was thereafter, on the same day, for value, duly assigned and transferred to the plaintiff in this action, duly witnessed, and acknowledged; was on said November 18, 1893, duly filed with the clerk of this court, in said action of Connors against Brady; said action, verdict, and assignment being the same action, verdict, and assignment referred to in the complaint herein. (2) On the 12th day of January, 1894, in said action of Connors v. Brady, a judgment on said verdict was duly entered and docketed in this court, in favor of the plaintiff and against the defendant therein, for the sum of $457.05; and thereafter, on April 5, 1894, said Connors made a further formal assignment in writing of said judgment to the plaintiff herein, and the same, duly witnessed and acknowledged, was on the same day duly filed for record in the office of the clerk of this court, in said action."

Afterwards, and on April 11, 1894, execution on said judgment was duly issued to the defendant herein, as sheriff of Ramsey county, and by virtue thereof he collected of said Brady the sum of $463.35,

1 Reported in 70 N. W. 2.

in full of said judgment, but refused to pay the same over to the plaintiff on demand, on the ground that certain parties had obtained judgments against Connors—one for $32.70, and one for $437.13—prior to the judgment against Brady, and which judgments had been assigned to Brady; that he held executions issued on said judgments against Connors; that by virtue thereof he had on January 27, 1894, duly levied the two executions upon the Connors judgment against Brady; and that he had on April 13, 1894, collected the full amount of said judgment against Connors, and applied the proceeds, amounting to $463.35, to the satisfaction of the two executions against Connors. The sheriff thus entirely ignored the assignment of the Connors judgment against Brady to this plaintiff, Kent, and the latter brought this action to recover the amount of such judgment. The ground for his refusal to pay over to plaintiff the amount of the judgment is alleged to be that the verdict was founded upon a tortious act, and hence not assignable. The trial court held that the verdict was assignable, and defendant brings this appeal.

This is the sole question in issue, except that the defendant challenges the form of the assignment. Upon the latter proposition the trial court found, in substance, that the assignment was broad enough to transfer the cause of action and verdict. The assignment, which was in writing, stated the names of the parties, the amount of the verdict, and the date thereof, correctly, and it purported to assign a judgment, with all of these particulars; and the court found that it was the intention of the parties to assign, by that instrument, the cause of action and verdict. In Freeman on Judgments, § 425, the rule is stated to be that it is no valid objection to an assignment that at the date of its execution no judgment existed.

"The assignment carries the whole title to the subject-matter of the action, and, of course, to the judgment when perfected. As between the parties to the assignment, clearly the whole right passes to the assignee, and the defendant, the moment the judgment is perfected, becomes the debtor of the assignee, and not of the nominal plaintiff."

It is there further stated that every transfer of an assignable cause of action pendente lite has the effect of assigning any judgment subsequently recovered thereon. Upon this point, the judgment ought not to be disturbed.

Was this verdict assignable? In Hunt v. Conrad, 47 Minn. 557, 50 N. W. 614, it was held that a right to recover damages for a personal tort was a mere personal right, and not assignable even after verdict, and before judgment. This decision seems to have been based upon what was considered by the court principles of the common-law, and its attention was evidently not called to G. S. 1878, c. 66, § 41, which, in part, reads as follows:

"After a verdict of a jury, decision or finding of a court or report of a referee in any action for a wrong, such action shall not abate by the death of any party."

The legal effect of this statute is not discussed or adverted to in Hunt v. Conrad, and, even if sound in enunciating the common-law doctrine, it is inapplicable to the statute which we have quoted, and which is the same as G. S. 1894, § 5171. In the later case of Cooper v. St. Paul C. R. Co., 55 Minn. 134, 56 N. W. 588, it was held that, where the party dies after the rendition of a verdict in an action brought to recover for personal injuries sustained through the carelessness or negligence of the defendant, the action does not abate, but may be continued by or against the personal representatives of the deceased, under the provision of the statute which we have above quoted. The language used in our statute is substantially that in Wait, Code N. Y. § 121, and it was held under that Code that:

"A claim for damages for a purely personal wrong, while it remains unliquidated and unascertained by a verdict, dies with the person; but the intent of the section of the Code above cited seems to be to prevent that result after the claim has been ascertained by a verdict. In that case the verdict becomes property which passes to the representatives of the deceased, as a judgment would at common law. It becomes the duty of the executor or the administrator to defend it for the benefit of the estate." Wood v. Phillips, 11 Abb. Prac. (N. S.) 1.

In the case at bar the claim for damages became liquidated and determined by the verdict. There was no further uncertainty about the claim, and the statute, by its terms, recognizes and preserves the right of entering judgment upon it. This right is a valuable one, and the verdict should be regarded as a property right,—as much so as a verdict rendered for violation of a contract, or other causes of action not arising out of tort. The verdict was therefore assignable, by virtue of the terms of the statute. This case is distinguishable

from that of Hunt v. Conrad in this: that we construe the right to assign this verdict authorized by the statute, while the statute was not referred to, or its terms construed, in that case, and doubtless was intended to rest upon principles of the common law, and the question of its soundness is not involved in the case at bar.

Order affirmed.