. In re OSTROM et al.

(District Court, D. Minnesota, Sixth Division. March 10, 1911.)

BANKRUPTCY (§ 314*)—CLAIMS—VERDICT FOR TORT—ALLOWANCE.

A verdict allowing damages for personal injuries, when no judgment is entered thereon before intervention of bankruptcy proceedings, is not a "fixed liability" allowable in bankruptcy proceedings, under Bankruptcy Act July 1, 1898, c. 541, § 63, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), providing for the allowance of a fixed liability evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against the bankrupt whether then payable or not.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of A. B. Ostrom and C. L. Swanson, individuals and copartners as Ostrom & Swanson. On petition to review an order of a referee disallowing the claim of Charles Loring. Affirmed.

A. E. Boyesen, for trustee.

Charles Loring, pro se.

WILLARD, District Judge. This is a review of an order of the referee disallowing the claim of Charles Loring for $2,219.

The claim was based upon the following facts: John Peek brought suit against the bankrupts to recover damages for personal injuries. The table of dates relating to that suit is as follows:

June 20, 1908, verdict for $2,000.

December 19, 1908, order for judgment in favor of defendants notwithstanding the verdict.

April 30, 1909, this order reversed by the Supreme Court, and the verdict reinstated.

May 8, 1909, leave given to defendants to move for a new trial.

June 20, 1909, petition in bankruptcy filed against the defendants.

August 13, 1909, motion of defendants for new trial denied.

October 15, 1909, judgment entered in favor of Peek for $2,219.

November 3, 1909, defendants adjudicated bankrupts.

The judgment was afterwards assigned by Peek to Loring.

If this claim can be allowed at all, it must be under subdivision 1 of section 63 of the bankrupt act, which is as follows:

"A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not." Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447).

It is admitted that the claim for personal injuries as it existed before the verdict was not provable or allowable; but it is said that, when the verdict was rendered, the liability became fixed, and it then became provable and allowable.

In the case of Black v. McClelland, Fed. Cas. No. 1,462, it appeared that a verdict was rendered against McClelland in favor of Black on January 12, 1875, for damages for injuries done by McClelland to Black in punching out his eye with an umbrella. McClelland was adjudicated a bankrupt on March 20, 1875; a judgment was entered upon the verdict above mentioned on May 6, 1875; and on August 11, 1875, Black made application to the judge of the United States District Court for permission to have process issued on the judgment rendered in the state court, on the ground that the verdict was not a debt provable in bankruptcy, and consequently the proceeding in bankruptcy would not discharge it. This application was granted by the District Court. The defendant appealed to the Circuit Court, where the order was affirmed.

McKennan, Circuit Judge, said in his opinion:

"The question, then, upon which the result of the present proceeding depends, is whether the amount of the verdict is a provable debt against the bankrupt. In England this was long a subject of contention."

After examining the English cases, he says that the law is now set-tled in England to the effect that such a verdict is not a provable debt. Speaking of the American bankrupt act, he says:

"Now, a claim which has not obtained the condition of a fixed liability cannot be characterized as a debt due and payable, either presently or at a future day, and such is the immature character of a mere verdict before judgment. It is subject to the control and discretion of the court, and may be superseded altogether by arresting judgment upon it or by the allowance of a new trial. No action could be maintained upon it. It does not bear interest, and no determinate character is impressed upon it until the cour.. has pronounced its judgment that the plaintiff do recover from the defendant the amount of it."

The act of 1867, under which this proceeding arose (Rev. St. § 5067), did not contain the words "fixed liability" which appear in the present act. The decision of the Supreme Court of Minnesota in Kent v. Chapel, 67 Minn. 420, 70 N. W. 2, to the effect that after a verdict there is no further uncertainty about the claim, and the de-cision in the case of Clay v. Railroad Company, 104 Minn. 1, 115 N. W. 949, to the effect that a verdict becomes property and passes to the representative the same as though it had been reduced to a judgment, are not controlling upon the national courts, because this is not a case where those courts are bound to follow the decisions of the state court.

Even if it can be said, in accordance with those decisions, that a verdict created a fixed liability, yet it is not a fixed liability evidenced by a judgment or instrument in writing, conditions which must by the present act, be complied with before even a fixed liability can be-come a provable debt.

The order of the referee is affirmed.