## OLGA OBER v. THE GOLDEN RULE.[1]

### July 16, 1920.

### No. 21,846.

**Shop premises must be kept in safe condition for customers and others.**

1. A shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use as to all whom he expressly or impliedly invites to enter the premises.

**Judgment notwithstanding verdict properly denied.**

2. The evidence did not require the jury to find that defendant was not guilty of negligence or that plaintiff was guilty of contributory negligence, and the court properly denied its motion for judgment notwithstanding the verdict.

Action in the district court for Ramsey county to recover $5,200. The answer alleged contributory negligence. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,300. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*K. A. Campbell* and *B. Burness,* for appellant.

*J. N. Nicholsen,* for respondent.

LEES, C.

Appeal from a judgment, entered after an order denying defendant's motion for judgment notwithstanding the verdict, in an action brought for the recovery of damages for personal injuries sustained by the plaintiff under the following circumstances:

On March 8, 1919, between 9 and 10 o'clock in the forenoon, plaintiff went to defendant's store to examine curtain goods then on display and exhibited to customers in the following manner: Bolts of goods were laid on tables arranged in two parallel rows. The space between the two rows

[1] Reported in 178 N. W. 586.

was about 8 feet. In examining goods, customers could walk on either side of the tables. In the space between the tables there were three display racks or frames, constructed to represent windows with curtains hung in place. Plaintiff began to look at goods on one of the end tables, going into the space between the two rows for that purpose. When she reached the end of the table and was in the act of moving on to the next one in the same row, she tripped upon the foot of one of the frames and was injured. She testified that a drape of some sort concealed the base of the frame, but admitted that she neither saw this portion of the frame nor looked at the floor as she moved along. She also testified that she noticed the frame before she fell, knew it rested on the floor, but did not know how it was constructed. The frame was 7 or 8 feet high and about 4½ feet wide. Its bases were 3 feet long, 7 inches wide and 3½ inches high, and were attached to and projected at right angles beyond the sides of the frame, so that each side with its base resembled the letter T inverted. The frames were mahogany colored, the floor was of birch considerably lighter in color than the frames, and the room was well lighted. The frame where plaintiff fell stood in a slanting position close to the table where she was, about 1½ feet from it as she estimated it.

We are asked to reverse on two grounds: (1) That it conclusively appears that defendant was not guilty of any negligence; (2) that it conclusively appears that plaintiff was herself guilty of contributory negligence.

There is no dispute about the law of the case. A shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use as to all whom he expressly or impliedly invites to enter the premises. Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Albachten v. Golden Rule, 135 Minn. 381, 160 N. W. 1012; McDermott v. Sallaway, 198 Mass. 517, 85 N. E. 422, 21 L.R.A.(N.S.) 456; Bloomer v. Snellenburg, 221 Pa. 25, 69 Atl. 1124, 21 L.R.A.(N.S.) 464. Within the rule laid down in these cases, the evidence made the question of defendant's negligence one for the determination of the jury. Plaintiff had the right to walk along the rows of tables to examine the goods defendant had placed upon them for the very purpose of catching the eye and attracting the attention of its customers. It could not reasonably

expect that customers absorbed in the inspection of goods thus displayed would bestow the same degree of attention to their steps or to the floor as would properly be required at places where it would not be likely that they would have eyes only for a merchant's display of his wares. The bases of the display frames occupied part of the space in the passageway between the tables. The frames themselves could hardly be overlooked by a customer, no matter how intently she might be looking at the fabrics on display, but it does not follow that, seeing the frame before her, she would know or look to see how it was supported before she passed it as she pursued her inspection of the goods on the tables. For the same reasons the question of plaintiff's contributory negligence was for the jury.

Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, and Albachten v. Golden Rule, supra, are clearly distinguishable. In neither case was the plaintiff's attention distracted by a display of goods. Defendant asserts that such was also the case here, that plaintiff had finished her inspection of the goods on the first table and was in the act of going to the next one when she fell. The record hardly bears out the assertion. On cross-examination plaintiff testified that the curtain goods were on six of the tables, that she was looking for materials for drapes and had not yet made a selection when she tripped and fell. She was then asked this question: "You were still shopping were you?" and answered: "Why I hadn't got a chance to go to the second table. I was just looking at the materials when this happened."

Defendant was not entitled to judgment notwithstanding the verdict, and the order denying its motion is therefore affirmed.