# MICHAEL E. DUFFY v. JAMES H. STRATTON AND ANOTHER.[1]

November 12, 1926.

No. 25,576.

No abuse of discretion in vacating order setting aside verdict.

1. It is within the power of a court of general jurisdiction to vacate its orders. The power is inherent and is recognized by statute, G. S. 1923, § 9283. The trial court did not abuse its discretion in exercising this power when it vacated an order, made three days after the death of the plaintiff, setting aside a verdict in his favor in a personal injury action, and in denying, on a rehearing, the defendant's motion for a new trial.

Evidence sustained finding of negligence.

2. The evidence warranted the jury in finding that a merchant negligently maintained an opening for a stairway leading to the basement of his store and that he was liable to a customer whom he invited to select an acticle for himself which the merchant kept and displayed near the head of the stairway.

Finding of jury against contributory negligence proper.

3. Under the circumstances the jury might properly find that plaintiff was not guilty of contributory negligence when, in acting upon the invitation, he fell down the stairway and was injured.

Damages not excessive.

4. The verdict was not excessive.

Damages, 17 C. J. p. 1104 n. 53.
Judgments, 34 C. J. p. 252 n. 72.
Motions, 28 Cyc. p. 20 n. 65.
Negligence, 29 Cyc. p. 514 n. 98; p. 515 n. 2; p. 622 n. 96.
New Trial, 29 Cyc. p. 1028 n. 87.

---

See notes in 21 L. R. A. (N. S.) 461; L. R. A. 1915F, 574; 20 R. C. L. 67; 3 R. C. L. Supp. 1025; 4 R. C. L. Supp. 1333; 6 R. C. L. Supp. 1179.
See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480.

[1]Reported in 210 N. W. 866.

Defendant Ildved appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial, Tifft, J., in an action in the district court for Scott county to recover for personal injuries. Affirmed.

*F. C. & H. A. Irwin*, for appellant.

*P. W. Morrison*, for respondent.

LEES, C.

This action was brought by James Duffy to recover damages for personal injuries suffered when he fell down a stairway in a hardware store leased by appellant from the defendant Stratton. The jury returned a verdict of $1,000 in Duffy's favor. A motion for judgment notwithstanding the verdict or for a new trial was made by both defendants. On January 29, 1926, Stratton's motion for judgment and appellant's motion for a new trial were granted. Duffy had died three days prior thereto. His administrator was substituted as plaintiff and promptly moved that the order of January 29th be vacated and set aside and the verdict reinstated. The motion was granted, with leave to defendants to renew their original motions. After they were reargued, the court again granted Stratton's motion for judgment, but denied appellant's motion for judgment or a new trial and he appealed.

Four points are presented for consideration: (1) Was it within the power of the court to set aside the order of January 29th and enter the order from which the appeal was taken? (2) Did the evidence justify the jury in finding that appellant was negligent in the particulars specified in the complaint? (3) Was Duffy guilty of contributory negligence? (4) Is the verdict excessive?

1. Duffy had an unliquidated claim for damages which became liquidated when the verdict was returned. The verdict was a valuable property right. When Duffy died it became an asset of his estate and passed to his personal representative the same as though it had been reduced to judgment. Cooper v. St. Paul City Ry. Co. 55 Minn. 134, 56 N. W. 588; Kent v. Chapel, 67 Minn. 420, 70 N. W. 2; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St.

665; Clay v. C. M. & St. P. Ry. Co. 104 Minn. 1, 115 N. W. 949. The order of January 30th deprived the estate of an asset. It was made before the administrator was appointed. He could have no opportunity to be heard unless the order was vacated. This would seem to be a good reason for the vacation of the order.

Section 9283, G. S. 1923, authorizes the court, for good cause shown, to set aside its orders. But independently of the statute a court of general jurisdiction has authority to do so when satisfied that such action is proper. 34 C. J. 252; Crosby v. Farmer, 39 Minn. 305, 309, 40 N. W. 71; Troska v. Brecht, 140 Minn. 233, 167 N. W. 1042; Winne v. Lahort, 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844.

Conceding the validity of the order of January 30th for the purposes of this discussion and keeping in mind the fact that respondent could not have appealed from that portion of the order which granted the appellant a new trial, can it be said that the court abused its discretion in setting the order aside? If Duffy had been alive when the order was made, it might be argued that the court had no reason to vacate it, but under the circumstances the vacation of the order was not an arbitrary or unreasonable exercise of judicial power. If the reargument satisfied the trial judge that his first conclusion was wrong, he had a right to change his mind. Scheurer v. G. N. Ry. Co. 141 Minn. 503, 170 N. W. 505.

2. The facts set forth in the complaint on which the charge of negligence is based are as follows: The head of the stairway leading to the basement from the first floor was in a dark portion of the store. Shovels, forks and scythes were placed along the wall near the opening in the floor. There was no gate at the head of the stairway. Duffy wanted a pitchfork, and appellant directed him to pick out such as he wanted. While in the act of taking one from the wall he fell down the stairway and was injured.

The evidence shows that the store is 60 feet long, 23 feet wide and fronts west. The stairway is about 40 feet east of the front entrance and on the south side of the building. There are no windows on that side. There are large ones in the front of the building and some small ones in the north wall. There was no artificial light

at the head or foot of the stairway. The day of the accident was cloudy. When Duffy asked for a fork he was directed by the clerk who waited on him to help himself. When he reached out for one his foot slipped and he fell through the opening in the floor. In falling he caught hold of a scythe and cut his left hand severely. There was a steam radiator on the north side of the opening, a bolt case on the east side, and another bolt case and a drinking fountain on the west side. There were no other barriers to protect appellant's customers from falling through the opening. It is settled by our decisions that it is the duty of a shopkeeper to exercise ordinary care to keep his place of business in a safe condition for his customers. Dun. Dig. § 6987. Considering all the facts and circumstances, we think the jury might find that appellant had failed to exercise the requisite degree of care.

3. Appellant contends that Duffy was negligent because he failed to discover the stairway when he went to select a fork. Duffy's testimony runs as follows:

"Q. Did you notice how close you were to the top step?
A. I didn't.
Q. You were looking at the forks?
A. I was just looking, I never paid no attention to anything else.
Q. Did you look to see where you were going?
A. I never stirred out of my tracks.
Q. And when you turned around at the counter, did you look to see where you were going?
A. I never looked ahead of me at all, no sir, I did not."

Citing Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, and Dehn v. Buck, 165 Minn. 310, 206 N. W. 435, counsel for appellant contend that if Duffy had used his senses at all he could not have failed to see the opening in the floor. The instant case differs from those cited in two particulars: First, without warning him that the stairway was close to the forks, appellant invited Duffy to go and select a fork for himself; and second, the forks were displayed at a place which could not be reached without passing or coming near the head of the stairway.

A merchant who displays his goods at a place like this and who invites a customer to inspect the goods and make his own selection cannot reasonably expect the customer to bestow the same degree of attention to his surroundings as might be required under other circumstances. Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586. Under the circumstances the question of contributory negligence was for the jury.

4. Duffy was cut by the scythe in such a manner as to cause a permanent stiffening of the left thumb. The use of the hand was substantially impaired. There was some expense for medical treatment. Duffy was a farmer and the injury to his hand interfered with his ability to do farm work. We think the verdict was not so excessive as to indicate passion or prejudice on the part of the jury.

Order affirmed.