THEODOSIA HASTINGS v. F. W. WOOLWORTH COMPANY, INC.[1]

October 6, 1933.

No. 29,382.

[1]Reported in 250 N. W. 362.

524

*Sarah Gensler Schwartz,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Bradshaw Mintener,* for respondent.

DIBELL, Justice.

Action to recover for personal injuries sustained by the plaintiff, a customer in the store of the defendant, through its negligence. The court directed a verdict for the defendant, pursuant to which judgment was entered. The plaintiff appeals from the judgment.

There is no mystery in the law relative to the duty of a shopkeeper or merchant to his customers in his store. In Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586, the rule is stated by Judge Lees in this way:

"A shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use as to all whom he expressly or impliedly invites to enter the premises."

The merchant is not an insurer of the safety of his premises. Ordinary care in respect of them is owing his customers. It is hardly worth the time to discuss the cases. The following, though not parallel in their facts, are of illustrative value: Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Duffy v. Stratton, 169 Minn. 136, 210 N. W. 866; Landy v. Olson & Serley S. & D. Co. 171 Minn. 440, 214 N. W. 659; Poppleston v. Pantages M. T. Co. 175 Minn. 153, 220 N. W. 418; Tierney v. Graves Motor Co. 185 Minn. 114, 239 N. W. 905. The Minnesota cases are gathered in 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6984-6987. The cases over the country are col-

lected in a note in 33 A. L. R. 181-231; and in Am. Dig. Negligence, § 32(1).

■ The defendant operates a five-and-ten-cent store in Minneapolis. The plaintiff claims that when she was in the store, walking in an aisle, she stepped on a waxy paper, that the floor was slippery, that the heel of one of her shoes caught in a small hole in the floor, causing her to fall, and that her ankle was wrenched. She sustained an injury. On the present record it cannot be said that the presence of the paper or the slipperiness of the floor was ascribable to the negligence of the defendant. At the most they were conditions or circumstances attending the injury and in no sense the sole cause of it. It could be found by a jury that the hole in the floor was the result of the defendant's negligence and that its negligence in this respect was a proximate cause of the injury.

There is evidence that the hole to which the plaintiff testified, when it was examined the next day, did not appear to be a fresh one. Just its nature is not shown. It was large enough to admit the heel of a shoe. It is true that the testimony offered by the plaintiff as to its condition the next day did not certainly identify it as the one which caused the injury; but there was some evidence that it was. The issue of negligence was for the jury, and a verdict should not have been directed for the defendant.

We note that the motion to direct a verdict was made when the plaintiff rested. The defendant did not rest; nor did it offer testimony. The fact is not important now, but we mention it so that it may be understood that it was not overlooked. See 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 9765, 9766.

The judgment is reversed with directions to grant a new trial. Judgment reversed.

*OLSEN, Justice* (concurring).
I concur in the result.

*LORING, Justice,* took no part.