## Laub et ux. v. Reichard et al.

*Charles M. Bolich* and *Dallas Dillinger, Jr.,* for petitioners.
*Iobst & Gehringer,* contra.

RENO, P. J., December 26, 1933.—Plaintiffs secured a verdict against defendants in trespass for personal injuries. Upon this verdict judgment was entered,

whereupon defendants appealed to the Supreme Court. The appeal was subsequently withdrawn and discontinued. Thereafter, plaintiffs issued execution upon their judgment and levied upon defendants' property. Thereupon, defendants filed a petition praying that the judgment be opened and the execution set aside, alleging that the verdict and judgment had been discharged by proceedings in the bankruptcy courts.

Several dates are necessary for a correct understanding of the question. The verdict was rendered May 13, 1932, and on that same day defendants filed their voluntary petitions in bankruptcy and were adjudicated bankrupts. On that same day they also filed motions for a new trial and for judgment n. o. v. On September 9, 1932, they were discharged in bankruptcy, and on September 19, 1932, their motions for a new trial and for judgment n. o. v. were overruled and discharged. Judgment was entered upon the verdict on September 27, 1932. They appealed to the Supreme Court on December 6, 1932, and on February 8, 1933, they discontinued the appeal. Thus, during the entire period of the pendency of the bankruptcy proceedings, from the adjudication to the discharge, the verdict had not been reduced to a final judgment. It was a mere verdict when they were adjudicated bankrupts; it was still a verdict upon which motions were pending when they were discharged. The verdict did not become a judgment until 18 days after their discharge. It is true that they reported plaintiffs' claim in the bankruptcy schedules as a "verdict and judgment procured in the Court of Common Pleas of Lehigh County to No. 203, April term, 1931", but calling that a judgment which was merely a verdict did not transform it into a judgment, and certainly defendants' ex parte statement cannot bind plaintiffs.

Hence, upon the above facts, which are established by the petition and the answer, there arises the question whether a verdict in trespass for personal injuries is discharged by bankruptcy proceedings which are begun when the verdict is entered and terminated by a discharge before judgment is entered upon the verdict.

The answer to the question is simple. Defendants were discharged only of those debts which were provable in bankruptcy. It is familiar law that unliquidated damages arising purely ex delicto are not provable in bankruptcy: 3 R. C. L. 243. Of course, when the liability has been fixed by a judgment it is provable, whether the cause of action sued upon was in contract or tort: 7 C. J. 299. But when the claim for a tort has not become a fixed liability by a judgment, when it possesses only "the immature character of a mere verdict before judgment", it is not provable: In re Ostrom et al., 185 Fed. 988. To this effect are all the authorities we have examined, and counsel for defendants, since the writing of this opinion was commenced, have acknowledged that they have not been able to find any case sustaining their contention.

Now, December 26, 1933, the prayer of the petition is denied, and the rule to show cause why the judgment should not be opened and the execution set aside is discharged. The sheriff will proceed with the execution of the writ.

From Edwin L. Kohler, Allentown, Pa.