### HAROLD C. FOLSOM v. JOSEPH J. HOJNY, *d. b. a.* DUFFY'S TAVERN.[1]

January 31, 1947.

No. 34,341.

---

[1]Reported in 26 N. W. (2d) 219.

224

*J. Frank Boyles,* for appellant.
*Erickson & Erickson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to recover for personal injuries sustained by plaintiff as the result of a fall through a trap door located behind the bar on defendant's premises, known as Duffy's Tavern, a retail on-sale liquor establishment in Minneapolis.

At the close of the testimony the court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. This is an appeal from its subsequent order setting aside such verdict and granting plaintiff a new trial on the ground that the question of his negligence was for the jury.

The bar in said premises extends from the front to the rear thereof and is about 45 feet long. It is to the left of the front entrance. Toward its rear is a hinged counterboard which swings upward to permit entrance behind it. Immediately opposite this entrance on the back bar and at the time of the accident, defendant maintained

a display card of packaged pretzels, nuts, and potato chips. On the floor behind the bar and a few inches to the left of the counterboard entrance there is located a trap door covering the basement stairway.

Plaintiff testified that on July 24, 1945, at about 11 a. m., as an employe of Old Dutch Foods, he called at the tavern at defendant's request to take an order for food packages to be fastened to the display card on the back bar. He had not previously called at this tavern and was unfamiliar with the interior arrangements thereof—in particular with the fact that there was a trap door on the floor behind the bar near the display card. The trap door had been left open at the time, but plaintiff testified he was given no warning to such effect.

Plaintiff further testified that he was instructed by defendant's bartender, who was then in charge of the premises, to bring in the food packages from his truck and to arrange them on the food display card, which, as previously stated, was on the back bar a few inches to the right of the open trap door and directly back of the bar entrance above described. Complying with these instructions, plaintiff returned from the truck with his arms filled with merchandise and walked to the rear of the bar, through the counterboard entrance, which was then open, preparatory to placing the merchandise on the display card. As he stepped past the counterboard entrance he fell abruptly to the basement through the open trap door and sustained the injuries for which this action was brought.

Plaintiff also testified that it was rather dark at the time toward the rear of the premises, although the overhead lights were on, and that he did not see any light near the trap door to indicate where it was located; that if a light had been there he would not have stepped into it; that he did not look down as he stepped forward, but, even had he looked, it is doubtful if he would have noticed the open trap door, because of the poor lighting conditions there.

The testimony of another witness supports plaintiff's assertion that he received no warning of the open trap door. The bartender testified that the lighting conditions behind the bar were good, but admitted that the lights behind the bar were not close to the trap

door and that the bar itself shaded the illumination from the overhead lights near the area in which it was located. He further admitted that it was customary to keep the trap door closed, and that he knew on this occasion it constituted a dangerous situation, but asserted that he had warned plaintiff to such effect.

Defendant relies particularly upon plaintiff's admission that as he walked through the counter opening he did not look downward toward the trap door, contending that his failure in this respect constituted negligence as a matter of law.

■ The rule is well settled that one who keeps a store or shop is bound to exercise reasonable care to keep it in a safe condition for his customers and others present by express or implied invitation for business purposes, including the delivery of goods. See, 4 Dunnell, Dig. & Supp. § 6987, and cases cited. Here, plaintiff was upon defendant's premises at the latter's express request for the purpose of transacting business and delivering merchandise. Accordingly, he was present as an invitee rather than a bare licensee, and in consequence defendant owed him the obligation above outlined. See, Conway v. Charles H. Wood & Co. 113 Minn. 476, 129 N. W. 1045; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Hyatt v. Murray, 101 Minn. 507, 112 N. W. 881; Larson v. Red River Transp. Co. 111 Minn. 427, 127 N. W. 185.

■ There is substantial testimony in the record to sustain a finding that defendant failed to fulfill the obligation thus imposed upon him. The admission of the bartender that the open trap door constituted a dangerous situation; plaintiff's testimony that he was unaware of its location, had not been warned relative thereto, and was otherwise unfamiliar with the premises; that the light in the area near it was poor; and that he was given express instructions to fasten his merchandise on the display card immediately adjacent thereto would amply sustain a finding of negligence on the part of defendant. See, Farnsworth v. Farwell, Ozmun, Kirk & Co. 102 Minn. 371, 113 N. W. 897; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Duffy v. Stratton, 169 Minn. 136, 210 N. W. 866.

■ It is the contention of defendant, however, that plaintiff's failure to look downward and discover the open trap door constituted negligence as a matter of law barring his recovery. We do not agree with this contention. Plaintiff was unfamiliar with the existence of an open trap door immediately adjacent to the passageway over which he was required to travel in order to arrange the merchandise on the display card of the back bar. Lighting conditions in this area, as well as the nature of his errand at the time, placed upon him the necessity of looking forward to determine the location of the display card and to find a place to rest his merchandise preparatory to attaching it to the card. The bartender's instruction to him that he place his merchandise thereon, without warning him of the open trap door, might lead to the reasonable assumption on plaintiff's part that the passageway to the back bar was clear and safe for his work, and in fact might almost be regarded as a positive assertion to such effect. See, Johnson v. Land O'Lakes Motor Co. 218 Minn. 404, 410, 16 N. W. (2d) 466, 469; Wright v. Holland Furnace Co. Inc. 186 Minn. 265, 243 N. W. 387. Plaintiff's testimony that the poor lighting made it doubtful whether he would have discovered the open trap door even had he looked downward, when considered with the other evidence above outlined, clearly makes the issue of his negligence one for the jury's determination. See, Poppleston v. Pantages Minneapolis Theatre Co. 175 Minn. 153, 220 N. W. 418.

This case is parallel to Duffy v. Stratton, 169 Minn. 136, 210 N. W. 866, *supra,* where we likewise held that the issue of plaintiff's contributory negligence was for the jury. There, plaintiff, while searching for merchandise he desired to purchase, fell down an open stairway in a hardware store. There, as here, defendant contended that plaintiff's failure to look and observe the open stairway constituted contributory negligence as a matter of law. In denying this contention the court stated (169 Minn. 139, 210 N. W. 867):

"* * * First, without warning him that the stairway was close to the forks [for which he was looking], appellant invited Duffy [plaintiff] to go and select a fork for himself; and second, the forks

were displayed at a place which could not be reached without passing or coming near the head of the stairway.

"A merchant who displays his goods at a place like this and who invites a customer to inspect the goods and make his own selection cannot reasonably expect the customer to bestow the same degree of attention to his surroundings as might be required under other circumstances. Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586. Under the circumstances the question of contributory negligence was for the jury."

In Eklund v. Kapetas, 216 Minn. 79, 87, 11 N. W. (2d) 805, 809, where we also held the issue of contributory negligence was a fact question, we said:

"* * * Plaintiff had never before been in defendant's restaurant. * * * There were no warning signs and no indications that the rear door was unsafe. When the door was opened the room appeared to be an ordinary kitchen into which she could proceed with safety.

"* * * We cannot say, as a matter of law, that plaintiff acted otherwise than as an ordinary prudent person would have acted under the same circumstances. Whether she should have done more than she did for her own safety was a fact question."

The rule which we feel is applicable herein is well expressed in Phillips Petroleum Co. v. Miller (8 Cir.) 84 F. (2d) 148, 155, as follows:

"Even one who walks need not pass through life with his eyes cast down and fixed upon the place for his next step. To be sure, if he must cross a busy street, where the traffic is dense and swift moving, he must be alert and watchful for his own safety; and, if he enters an unknown dark stairway or an unfrequented way, he must do so with extreme caution; but, if his course is upon places intended for his use, with which he is familiar, threatened by no known danger, and having no reason to anticipate that any pitfalls had been placed in his path, he may cast his eyes to the side of the road, to the field, to the hilltops, or even to the skies, without violating the rule requiring ordinary care."

See, also, Landy v. Olson & Serley S. & D. Co. 171 Minn. 440, 214 N. W. 659; Engel v. Smith, 82 Mich. 1, 46 N. W. 21, 21 A. S. R. 549.

■ Defendant relies upon Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, where plaintiff was held guilty of negligence as a matter of law because he failed to observe a cellarway in defendant's "wareroom" through which he passed to enter the latter's store. There, however, the stairway was located in a room not ordinarily used as a passageway, but principally devoted to the private uses of the proprietor and one in which, as the court stated, a person might reasonably expect a cellarway would be placed. The case is further distinguished by plaintiff's admission that he would have seen the open stairway had he looked. As this court there observed (49 Minn. 343, 51 N. W. 1043):

"* * * [Plaintiff] could not but know from the surroundings that the place was not a passageway merely, but that it was also largely, if not principally, devoted to the private uses of the proprietor connected with his business; and the plaintiff was not justified either in closing his eyes as he went through, or in neglecting to observe where he went. He was not justified in assuming that the place was so free from obstacles and from the ordinary conveniences for business that he could move anywhere without paying any attention to the surroundings."

In the instant case, plaintiff was given implied assurances that the passageway was safe. In addition, such passageway was the customary entrance for anyone making deliveries to the back bar of defendant's premises, and not the obscure "wareroom" described in the Johnson case.

Likewise Dehn v. Buck, 165 Minn. 310, 206 N. W. 435, relied upon by defendant, is clearly distinguishable. There, plaintiff had been on the premises before and had used the identical stairway where her fall occurred. There, although familiar with the correct door, she opened another one leading into a dark passageway and walked blind-

ly into it without stopping to ascertain whether her way was safe. No such circumstances are present in the instant case.

The order appealed from must be affirmed.

Affirmed.

PETERSON, JUSTICE.

I concur in the result.