## EFFIE PETERSON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

March 14, 1952.

No. 35,647.

*John F. Dulebohn, Owen A. Johnson,* and *Robert D. Merrick,* for appellant.

*Orville L. Freeman* and *Larson, Loevinger, Lindquist & Freeman,* for respondent.

MAGNEY, JUSTICE.

Fourth avenue south in Minneapolis was being repaired. The old pavement, about five inches thick, had been removed, exposing a concrete base. Because of the high step which resulted from the removal of the pavement, defendant, Minneapolis Street Railway

---

[1]Reported in 52 N. W. (2d) 433.

Company, provided a platform at Fourth avenue south and Fifth street south for the convenience of entering and departing passengers. This platform was four feet square and five inches high. It was constructed of 2 x 8 planks nailed to a three-inch supporter at each end.

On the morning of June 20, 1949, plaintiff, Effie Peterson, 69 years of age, was a passenger on one of defendant's cars. Her immediate destination was Fourth avenue south and Fifth street south. When the car arrived at that point, plaintiff walked down the steps at the front exit to leave the car through the left-hand door, holding onto the middle pole. She had on a pair of shoes with rubber heels. She stepped down with the left foot first. Her version of what happened is as follows:

"* * * The rubber heel held, but the plank was broken, and it had been on a two by four which allowed the plank, the under board of the plank to fall down. My toe went down and my heel stayed at the edge and my toe went down, and threw me, and I lost balance completely."

She fell forward. She further testified:

"When I put my left foot down, I didn't have a chance to get my right foot down on the platform before it caved in."

A girl who got off the car at the same time helped her to the curb. Plaintiff was corroborated as to the fall and the defective platform by her witness Sue Hoff, who stepped off the streetcar at the same stop. Defendant's motorman did not see the accident, and nothing was said to him about it. The jury returned a verdict of $3,000. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial.

■ Defendant's assignments of error raise only the question of the sufficiency of the evidence to sustain the verdict, contributory negligence on the part of the plaintiff, and excessive damages. No other question will be considered.

We have detailed the evidence relative to the claimed defect in the platform. Obviously, it is sufficient to support plaintiff's claim

of negligence. The court instructed the jury that it was the duty of defendant to exercise ordinary and reasonable care under the circumstances. As plaintiff was a passenger, such an instruction was more than favorable to defendant.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff was familiar with the platform, having stepped down on it several times previously. She was conscious that it was there. She had no reason to anticipate any defect in the platform and did not make a detailed examination of it as she stepped down. There was no reason why she should anticipate any defect in the platform, which was placed there by defendant for the use of plaintiff and all other passengers who alighted at that corner. It is our opinion that the question of plaintiff's contributory negligence was for the jury. Folsom v. Hojny, 223 Minn. 223, 26 N. W. (2d) 219.

■ Finally, defendant claims that the verdict of $3,000 is excessive. The physician who treated her testified that plaintiff suffered a comminuted fracture of the fifth metatarsal bone of the left foot. She suffered the pain, inconvenience, and disability which follow such an injury. There were some medical expenses. It is our opinion that the verdict is liberal, but not so excessive as to compel the granting of a new trial.

Order affirmed.