## GEORGE HARRIS v. CAMPBELL CEREAL COMPANY.[1]

December 17, 1954.

No. 36,360.

*Strong, Strong & Tully,* for appellant.

*Ralph Foster* and *John E. Coughlin,* for respondent.

[1]Reported in 67 N. W. (2d) 824.

THOMAS GALLAGHER, JUSTICE.

Action for the wrongful death of Eda Harris who was killed as a result of a fall down a stairway at a time when she was engaged in purchasing merchandise in defendant's manufacturing plant at Northfield.

The jury returned a verdict for plaintiff in the sum of $6,000. This is an appeal from the judgment, following denial of defendant's motion for judgment notwithstanding the verdict or a new trial. We are asked to determine (1) whether there is evidence sufficient to sustain a finding of negligence on the part of defendant; and (2) whether the evidence established decedent's contributory negligence as a matter of law.

The facts are as follows: On February 10, 1953, about 1 p. m. decedent, then aged 55, accompanied by her husband, George Harris, entered the offices of defendant for the purpose of purchasing some cloth sacks offered for sale by defendant. Defendant's foreman, Paul F. Seidel, assisted decedent in an effort to find the particular sacks in which she was interested. When they did not find them in the office, he suggested they might find them in the rear portion of the structure. He thereupon led decedent and her husband through a heavy door into a room approximately 60 by 70 feet in dimension used primarily for storage.

From the entrance they walked behind Mr. Seidel along an aisle adjacent to a stairway protected by iron guard rails but concealed from view, according to the testimony of Mr. Harris, by the presence of a number of filled grain sacks arranged in two tiers placed adjacent to such guard rails and stairway. They proceeded to the rear of the room to a small space at the head of the open stairway, lighted from nearby windows, where the empty sacks in which decedent was interested were placed.

As decedent neared the empty sacks which she was to inspect with the assistance of Mr. Seidel, she immediately began their examination. In doing so, she stood facing the sacks at the head of the open stairway with her back thereto while Mr. Seidel stood at her left. The latter lifted a number of sacks for her inspection, and after

several had been shown her, she indicated one with the pattern in which she was interested. Mr. Seidel thereupon commenced to separate this sack from the pile and simultaneously therewith decedent fell backward down the cement stairway to the first landing where death occurred almost instantly.

■ It is well established that a merchant who displays wares on his premises near some opening, stairway, or obstruction and invites customers to inspect and to make selections therefrom cannot reasonably expect such customers to bestow the same degree of attention on their surroundings as would be required under other circumstances. In such a situation, it is well settled, the duty rests upon him to give adequate warning of the risks or dangers occasioned by such openings, stairways, or obstructions. See, Johnson v. Brand Stores, Inc. 241 Minn. 388, 63 N. W. (2d) 370; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Theisen v. Minnesota Power & Light Co. 200 Minn. 515, 274 N. W. 617; Duffy v. Stratton, 169 Minn. 136, 210 N. W. 866; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586.

■ The rule thus expressed is clearly applicable here, and the evidence submitted adequately supports a finding that defendant had failed to fulfill the obligation which rested upon it by virtue thereof. It established that decedent had been invited to go into the rear portion of defendant's premises to a section entirely unfamiliar to her; that she was unaware of the open stairway near the empty sacks from which she was making a selection; that, as she followed Mr. Seidel down the passageway, the stairway upon her right was concealed from view by a double row of filled sacks adjacent thereto; that, while the light was sufficient to disclose the stairway from the head thereof, at this point decedent's attention had been directed away from it toward the sacks she was about to inspect; that Mr. Seidel, standing beside her and aware of the danger to her if she chanced to move backward even a step, not only remained silent in the face of this danger, but actually added thereto by directing her attention away from the source of peril. A word of warning at this time undoubtedly would have prevented the tragic fall.

Clearly, such evidence is sufficient to support a finding of negligence on the part of defendant under the above authorities.

■ The principles therein expressed must likewise govern the issue of decedent's contributory negligence. Under circumstances similar to those above described, it has repeatedly been held that the issue is one for the jury, this principle having its foundation in the thought that the injured party's attention, having been diverted by defendant, could not reasonably be expected to bestow the same attention to attendant risks that might otherwise be required. See, Johnson v. Brand Stores, Inc., *supra;* Duffy v. Stratton, *supra;* Ober v. The Golden Rule, *supra;* Folsom v. Hojny, 223 Minn. 223, 26 N. W. (2d) 219; Eklund v. Kapetas, 216 Minn. 79, 11 N. W. (2d) 805; Landy v. Olson & Serley Sash & Door Co. 171 Minn. 440, 214 N. W. 659.

■ The facts outlined distinguish the instant case from such cases as Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, and Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355, where no distracting circumstances affected the obligations which rested upon the parties, and Ryberg v. Ebnet, 218 Minn. 115, 15 N. W. (2d) 456, where the obligation to provide adequate light for an open stairway rested upon the lessee rather than the lessor or owner.

The judgment appealed from is affirmed.

Affirmed.