HANS M. HOLMVIK v. PARSONS BAND CUTTER & SELF-FEEDER COMPANY. [1]

June 29, 1906.

Nos. 14,816—(165).

**Negligence—Construction of Machinery.**

> Deceased, walking on the deck of a cylinder cap attached to a separator, broke through, was caught by the revolving cylinder, and killed. It is *held* that the evidence justified a verdict of the jury against the manufacturer of the deck based on proof of allegations that it negligently constructed the cap by using defective, cross-grained, knotty, and weak timbers and boards.

Action in the district court for Polk county by plaintiff as administrator of the estate of John Holmvik, deceased, to recover $2,000 for the death of intestate. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict, and

[1] Reported in 108 N. W. 810.

from a judgment entered pursuant to the verdict, defendant appealed. Order and judgment affirmed.

*A. A. Miller,* for appellant.

*H. Steenerson, Charles Loring,* and *Martin O'Brien,* for respondent.

JAGGARD, J.

Plaintiff's intestate, in the proper performance of his work, started to go over the top of a separator on what will be referred to as the deck, to a place on a self-feeder where it was out of order, for the purpose of adjusting it. In order to reach this place he walked over a portion of the self-feeder attachment where it was attached to the separator, and upon what is known as the cylinder cap which covers the cylinder of the separator. When about half way across the cylinder cap in some manner he went through the cap, was caught by the revolving cylinder, drawn in, and instantly killed. This action for damages was brought against the manufacturer of the cap because of alleged negligence, inter alia, in carelessly constructing a covering made of defective, cross-grained, knotty, and weak timber and boards. At the close of the testimony, defendant moved the court to direct a verdict in its favor, on the ground that the evidence was insufficient to establish a cause of action against it. The motion was denied. The jury returned a verdict of $1,500. The defendant moved for judgment notwithstanding the verdict. This the court denied. Judgment was entered. Thereupon this appeal was duly taken.

The assignments of error raise the question of the sufficiency of the evidence to justify the court in its refusal to direct a verdict for the defendant.

There were three theories of the accident, namely: (1) That a trapdoor working on hinges on the deck was open, and that the plaintiff's intestate stepped through this; (2) that the vendee and the deceased in attaching the cylinder cap to the sills negligently used nails insufficient in character and number, by reason of which the triangular pieces supporting the deck were forced by the weight of deceased from their position at right angles to the deck and allowed the deck to collapse; (3) that the deck contained a board so obviously defective as to be in reason known to be such to the manufacturer before it was painted, but not so as to be apparent to the vendee or the deceased using it;

that the deceased, stepping on this board with force, broke it. If the testimony showed that the accident was due to either of the first two causes, it is plain that this defendant was not responsible for damages; but, if the third suggested cause was the actual cause of the accident, it is equally clear that then there would be enough to go to the jury and to sustain its verdict as to the negligence of the defendant. The questions are properly of fact, not of law.

The record leaves the matter in grave doubt. After a careful consideration of the record and an examination of the portions of the deck not destroyed by the accident, which were produced in court, we have concluded that the trial court was not in error in refusing to direct the verdict for the defendant. The testimony of one witness, who said he heard the board break, and of another witness who said he saw it break, in connection with the cross-examination of each witness, although under the circumstances not at all convincing, was none the less some direct evidence sustaining the plaintiff's theory. Part of the board in question was produced in court and contained a knot. There was testimony for the jury to consider that there was another knot in the same board, in a piece which was not produced in court, although it was found after the accident. It is true that the evidence that the two knots occurred in the same board was far from being conclusive. It is also true that under this broken board and over the cylinder there was stretched a strong piece of sound sheet iron, and that it would accordingly have been difficult for the plaintiff's intestate, even if the board had broken, to have come in contact with the revolving cylinder. However, the edge of this sheet iron was badly cut by the teeth of the cylinder, and it would appear to have been possible that, if deceased had gone through the board, the force of his impact might have separated the sheet iron from the lower board on the deck to which it was nailed. The teeth of the cylinder might then have caught the depressed sheet iron, and the tragedy have resulted as it is shown to have occurred. However this may be, upon the whole, we think the trial court properly submitted the matter to the jury.

Order and judgment affirmed.