FLANAGAN *v.* ARNOLD.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

If a guest at an island summer resort hotel was guilty of contributory negligence in getting into a small boat, sent by the hotel owner to convey guests from the mainland to the island, when it was overloaded and the water

Negligence, 29 Cyc. pp. 491, 499, 506, 517, 529, 573.

was rough, which resulted in the guest's death by drowning, the hotel owner was likewise negligent in permitting him to get in.

2. SAME—SUBSEQUENT NEGLIGENCE—PROXIMATE CAUSE.

If the operator of the boat, after discovering the danger to the guest, could, by the use of ordinary care, have prevented the accident by returning to the pier, and he refused although requested to do so, he was guilty of subsequent negligence and the hotel owner would be liable for the death of the guest notwithstanding the latter's negligence in getting into the boat under the conditions shown, since his negligence was remote, while the operator's negligence was the proximate cause of the accident.

3. PLEADING—SUBSEQUENT NEGLIGENCE CHARGED.

Allegations of the declaration, *held*, sufficient to charge subsequent negligence.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

If the danger was obvious to the guest, his negligence in entering the boat would not be excused by the operator's invitation to him to do so and assurance that there was no danger.

5. SAME.

If the guest was inexperienced and unfamiliar with boats and the water and was in doubt as to the danger of entering, and was invited by the operator of the boat to enter and assured that there was no danger, he had a right to rely thereon and would not be guilty of contributory negligence in so entering.

Error to Cass; Warner (Glenn E.), J. Submitted April 7, 1926. (Docket No. 28.) Decided October 4, 1926.

Case by Mary C. Flanagan, administratrix of the estate of George L. Flanagan, deceased, against John W. Arnold for the negligent killing of plaintiff's decedent. Judgment for defendant. Plaintiff brings error. Reversed.

*Marvin J. Schaberg, George E. Brannan,* and *Ernest D. MacDougall,* for appellant.

*Burns & Hadsell* and *Du Comb & Du Comb,* for appellee.

Bird, C. J.      Defendant, John W. Arnold, in the summer of 1921, operated a summer resort hotel on an island in Diamond lake, in Cass county.      He ran a free ferry to and from the mainland for the accommodation of his guests.      When his guests were on the mainland and desired to go to the island they communicated the fact by telephone, or rang a bell which he had connected up for that purpose.      On the afternoon of August 17th several of his guests, including George L. Flanagan and wife, were desirous of going to Cassopolis to do some shopping.      The regular boat was furnished and they went to the mainland without incident.      During the time they were in Cassopolis a storm passed over that vicinity.      This made the water very rough.      On the return trip they arrived at the shore about 5 o'clock and rang the bell.      The regular boat did not respond, it had gone to secure a boat which had been released by the storm.      Instead a small flat bottom boat, 14 feet in length, with an outboard motor, was sent, in charge of a young boy.      Some of the guests got into the boat.      Five persons were already in the boat when Flanagan got in.      Mrs. Flanagan was on the dock, but refused to get in, on the ground that it was too heavily loaded for such a high sea.      Some misgivings were suggested by the guests on account of the heavy load and the roughness of the lake, but Brubaker, the boy who had the boat in charge, assured them that there was no danger. He started, but had not gone far when he was requested by Flanagan and one of the young ladies to go back to shore, as they were getting wet.      The boat kept going, with assurances from Brubaker that

it would be all right. Soon the motor stopped and
Brubaker then attempted to row the boat, but by
reason of a broken oarlock he was unable to. The
boat soon filled with water, later tipped over, and
George Flanagan was drowned, as he could not swim.

Plaintiff, as administratrix, brings this suit against
defendant to recover damages for causing her hus-
band's death by his negligence. The negligence com-
plained of was in sending an unseaworthy and defect-
ive boat after them, in charge of an incompetent boy,
and his failure to properly and prudently manage the
said boat after he saw, or should have seen, that the
overloaded boat could not weather the sea. Defend-
ant insisted that Flanagan was guilty of contributory
negligence in getting into the boat, under all the cir-
cumstances. The matter was tried out before a jury
and they returned a verdict for defendant. Plaintiff
assigns several errors on the rulings and omissions of
the court.

1. Plaintiff requested the court to charge the jury
that:

"I charge you, as a matter of law, that even though
you may believe from the evidence that George Flana-
gan was guilty of negligence in getting into the boat
on the day in question, yet if you further believe from
the evidence and under the charge of the court, that
defendant, through his agent, was also guilty of neg-
ligence, and that the negligence of Flanagan was pre-
cedent, and the negligence of defendant, if any, was
subsequent thereto, then the plaintiff would not neces-
sarily be prevented from recovering damages in this
case. In other words, if Brubaker as Arnold's agent,
discovered the dangerous position that Flanagan was
in after the boat left the pier, and by the use of or-
dinary care, could have prevented the accident, that
is, if you believe that by turning around when the boat
was first started to fill with water on leaving the pier,
he would have prevented the accident and he did not
use such care, then Arnold is chargeable with reck-
less injury, and cannot rely on the negligence of

Flanagan as a protection.   Or it may be said that in such a case the negligence of Flanagan only put him in a position of danger and was, therefore, only the remote cause of the injury, while the subsequent intervening negligence of the defendant Arnold through his agent Brubaker was the proximate cause."

The request was refused.

It was the theory of plaintiff that defendant was negligent in sending a defective and unseaworthy boat and an incompetent servant to operate it.   It was defendant's contention that Flanagan was guilty of contributory negligence in getting into the boat, as the conditions were as visible to him as to the operator of the boat.   If Flanagan were guilty of contributory negligence in getting into the boat, it would follow, under the rule of ordinary prudence, that defendant was likewise negligent in permitting him to get in. Assuming this to be the situation before they started, they pulled away from the shore and it soon became apparent that the boat had too much of a load for the rough water.   When this became apparent Flanagan urged him to return to the shore and let him out, and thereby lighten his load, but the operator refused to heed the suggestion of danger and went forward. After the operator saw the water coming into the boat and observed the peril that Flanagan was in, by reason of his contributory negligence in getting into the boat when five others were already in the boat, by the use of ordinary prudence he could have retraced his steps and returned to the dock and thereby saved the life of Flanagan.   He refused to do this.   Whether he was negligent in this respect was a question for the jury.   The latter negligence, if it were negligence, was subsequent negligence.   Therefore, we think the proffered request should have been given to the jury.   We think the following cases support this request: *Fike* v. *Railroad Co.*, 174 Mich. 167; *Labarge*

v. *Railroad Co.*, 134 Mich. 139; *Kelley* v. *Keller*, 211 Mich. 404.

In the last case cited, in discussing this question, we said:

"The case of *Montgomery* v. *Railway Co.*, 103 Mich. 46 (29 L. R. A. 287), is a good example of the application of this ·doctrine. This court has held on more than one occasion that the contributory negligence of the plaintiff does not prevent recovery in a case where the defendant, who knows, or ought, by the exercise of the most ordinary care, to know of the precedent negligence of the plaintiff, by his subsequent negligence does plaintiff an injury. *Richter* v. *Harper*, 95 Mich. 225; *Labarge* v. *Railroad Co.*, 134 Mich. 139; *Calvert* v. *Railway*, 202 Mich. 311."

But defendant's counsel say the declaration does not charge subsequent negligence. The second and fourth counts contain this allegation which we think is sufficient to admit proof of subsequent negligence:

"And that when said boat had proceeded a short distance from shore it encountered a rough sea, and the said George L. Flanagan tried to persuade the young man who was operating said boat for said defendant to return to shore, but that said young man operating said boat for said defendant refused to return to shore, and insisted that said boat was seaworthy and that they could reach the island without trouble or danger, and that a few minutes later the motor in said boat stopped and could not be operated further."

2. Plaintiff complains because his fourth and fifth requests to charge were not given:

"No. 4. I charge you, members of the jury, that under the law and evidence in this case, the question of contributory negligence is not in the case because Flanagan had a right to rely on the invitation of Brubaker, who was the agent of the defendant, and the assurances that Brubaker gave him that the boat was safe, and that there was no danger.

"No. 5. I charge you that if you believe from the

evidence in this case that Flanagan was inexperienced and unfamiliar with boats and the water, and was invited by Brubaker to enter the boat and was assured by Brubaker that the boat was safe and that there was no danger, then Flanagan had a right to rely on the assurances of Brubaker and you cannot find that Flanagan was guilty of any contributory negligence."

The fourth request was properly refused. If the danger was obvious to Mr. Flanagan he could not excuse himself for taking passage on the boat in reliance on the assurances of defendant. This request eliminated the question of fact as to how it appeared to Mr. Flanagan and whether the assurances were given. 1 Shearman & Redfield on Negligence (6th Ed.), § 91.

We think the fifth request should have been given, because that request is qualified by a question of fact as to Flanagan's experience and as to whether the assurances were made. If Flanagan was in doubt as to the danger he had a right to rely on the assurances of defendant. *Id.*

We have considered the remaining assignments, but do not think they raise any questions which merit a reversal of the case.

For the errors indicated the judgment will be reversed and a new trial granted, with costs to the plaintiff.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.