# EDITH A. WRIGHT AND OTHERS v. HOLLAND FURNACE COMPANY, INC.[1]

June 3, 1932.

Nos. 28,816, 28,848, 28,849, 28,850.

[1]Reported in 243 N. W. 387.

*Morphy, Bradford, Cummins & Cummins,* for appellant.
*Bundlie & Kelley* and *Ernest Torinus,* for respondents.

STONE, J.

Four actions, tried together, resulting in verdict for plaintiffs, each of whom seeks damages for loss of property destroyed in a fire alleged to have been caused by the negligent installation by defendant of a hot air furnace in a residence belonging to plaintiff Edith A. Wright. Defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdicts or a new trial.

The dwelling belonged to plaintiff Edith A. Wright and was in a suburb of St. Paul. September 25, 1927, defendant contracted with Edith A. Wright to install a hot air furnace, reserving "the right to locate" heater, piping, and registers. The furnace was accordingly and soon installed by defendant. The negligence charged is that it placed the smoke-pipe too close to and just under the joists, unprotected except as hereinafter stated, of the cellar furnace room. There is evidence that for a distance of some feet the smoke flue was not more than six inches from the joists, which, because of their age and dried out condition, were easily inflammable. The fire started about seven p. m. January 6, 1929, during a 28-mile wind and a temperature well below zero. Realizing that the house was burning, witnesses rushed to the basement to investigate. They gave such testimony that the jury reasonably could have concluded that the fire originated on the lower edge of the joists just over the smoke-pipe at the point of the alleged negligent installation.

The charge of negligence is based on both the general duty to exercise care and alleged violation of two ordinances hereinafter

considered. Without further details of evidence, except mention that there was explicit expert testimony that the installation indicated by the testimony for plaintiffs was negligent, we hold that on that issue the verdicts are sustained by the evidence. The building was old and of frame construction. Obvious and great could the jury have considered the fire hazard. Commensurate with the danger was defendant's duty to exercise care to minimize danger of igniting the near-by framework by ordinary operation of the furnace. The greater the danger the greater the duty. The evidence presented a fact issue, the jury's decision of which is sustained by evidence for plaintiffs. That applies not only to plaintiffs' claim that the smoke flue was too close to the joists, but also to the charge that the woodwork overhead was inadequately protected—as to the latter, more later.

Plaintiff Francis L. Wright is the husband of the plaintiff Edith A. Wright. The other two plaintiffs are their sons. The husband and sons sue for the value of personal property destroyed by the fire. Defendant, assuming its negligence for the purposes of argument, urges that, having had no contractual relations with the plaintiffs other than Edith A. Wright, it is under no liability to the other three. That argument finds its remote ancestor in Winterbottom v. Wright, 10 M. & W. 109, but has been out of line with common law doctrine ever since Heaven v. Pender, 11 L. R. (Q. B. D.) 503. Contract obligation may sometimes be incidental to, but is not the basis of, liability in tort. It has long been the law that one who manufactures and sells an article not ordinarily of a dangerous nature, intended for use by others than the vendee, may be liable to one of the latter who uses it in the usual course of things and receives injuries due to defects which render use of the article dangerous. Krahn v. J. L. Owens Co. 125 Minn. 33, 145 N. W. 626, 51 L.R.A.(N.S.) 650. It is no enlargement of that doctrine, but only a plain application, to let it rule in favor of one whose property is destroyed by fire arising from the negligence of another. The presence of a contract between tortfeasor and third party is incidental only. Schubert v. J. R. Clark Co. 49 Minn. 331, 51 N. W. 1103, 15 L. R. A. 818, 32 A. S. R. 559; Holmvik v. Parsons B. C. &

S. F. Co. 98 Minn. 424, 108 N. W. 810; Wolden v. Deering, 105 Minn. 259, 117 N. W. 493; O'Brien v. American Bridge Co. 110 Minn. 364, 125 N. W. 1012, 32 L.R.A.(N.S.) 980, 136 A. S. R. 503; Goar v. Village of Stephen, 157 Minn. 228, 196 N. W. 171.

■ Another defense is that of contributory negligence, urged especially against plaintiffs Edith and Francis Wright. To be here noted is testimony of plaintiff Francis L. Wright that when the furnace was being installed he informed defendant's workman "that he was getting the pipe up too high, too close to the joists," and that the workman then assured him that "he would fix that all right," upon which assurance Francis L. Wright claims to have relied. Because of its contract obligation and more expert and dependable knowledge, that assurance, if given, was a factor which, with others in evidence, made the issue of contributory negligence one of fact.

One may rely upon such assurance where under the same or similar circumstances an ordinarily prudent man would do so. 45 C. J. 956. Wrought-Iron R. Co. v. Graham, 80 F. 474, 25 C. C. A. 570, is precisely in point. It was held that it was not contributory negligence as matter of law for a purchaser of a stove to acquiesce in the absence of insulation from the pipes where they passed through woodwork, the seller having assured him that because of the peculiar construction of the stove there was no danger of igniting the woodwork. See also Sleeper v. Park, 232 Mass. 292, 122 N. E. 315, and Flanagan v. Arnold, 236 Mich. 180, 210 N. W. 256.

■ The evidence for plaintiffs, in addition to indicating that the smoke-pipe was too close to the joists, tended to show also that a tin or galvanized iron shield was fastened to the joists over the smoke-pipe at the danger point, but with only a very thin sheet of asbestos, much less than one-half inch in thickness, between the metal and the lower edge of the joists. If conditions required smoke-pipe so close to joists, due care demanded an adequate shield between wood and flue. Here again evidence for plaintiffs made an issue for the jury. Quite reasonably could it be considered that the efficacy of the shield placed by defendant, as described by plaintiffs' witnesses, fell dangerously short of that required by the risk.

The claim of contributory negligence applies at this point also, but is disposed of by what has been said already on that point.

■ Pleaded in that connection by plaintiffs are two ordinances of the city of St. Paul. One of them (No. 5580, § 535(b), No. 2968(b), Compiled Ordinances of St. Paul, 1922) is as follows:

"Smoke flues from heating furnaces or boilers in dwellings may be of a single thickness of galvanized iron or steel, but shall not come nearer than twelve (12) inches to any ceiling or other woodwork unless covered with an approved incombustible material not less than one-half (½) inch thick. In such cases the distance from pipe to woodwork shall not be less than six (6) inches."

The other (No. 5989, § 1(j) Council Proceedings, St. Paul, 1923, p. 194) is this:

"Should any smoke-pipe come within sixteen inches of any combustible material, such combustible material shall be covered with asbestos paper and a metal shield so fastened that a two-inch air space exists between this shield and the combustible material. This shield shall be no less in size than twice the diameter of the smoke-pipe and of sufficient length to cover the wood at all points."

Error is assigned on the instruction to the jury concerning these ordinances, the charge on this point reading as follows:

"I charge you that the meaning and interpretation of these ordinances, construed together, is this: Should any smoke-pipe come within 16 inches and not less than 12 inches of wood, or any other combustible material, such wood or combustible material shall be covered with asbestos paper and a metal shield so fastened that a two-inch air space exists between the shield and the combustible material. This shield shall be no less in size than twice the diameter of the smoke-pipe and of sufficient length to cover the wood at all points. Should any smoke-pipe come within 12 inches of any ceiling or other woodwork, the smoke-pipe itself must be covered with an approved incombustible material not less than one-half inch thick. In no event shall the distance from pipe to woodwork be less than six inches. If you find that the defendant installed this furnace,

and particularly the smoke-pipe, in violation of either or both of the ordinances mentioned, or in violation of the law as I have explained it to you, I charge you as a matter of law that the defendant was negligent."

The instruction, we think, was correct. The two ordinances, like two statutes in pari materia, must be reconciled and given effect if possible. That is accomplished by the charge in question. The subject of ordinance No. 5989, as far as here in question, is the shield rather than the flue itself. The requirement is that if the latter is within 16 inches of combustible material there must be a shield made and placed as the ordinance demands. The subject of ordinance No. 5580 is the flue rather than the shield, and, if within 12 inches of ceiling or other woodwork, the pipe must have a fireproof sheath not less than one-half inch thick. So construed, there is no inconsistency between the two provisions, and both have effect.

There was no error in permitting the jury to consider whether either or both of the ordinances had been violated. The pipe inclined upward from heater to chimney. The jury may well have found that where it left the heater it was more than 16 inches from overhead woodwork; then for a distance between 16 and 12 inches therefrom; and beyond that less than 12 inches below the joists. Plaintiffs' evidence, as already indicated, showed that it got as close as six or possibly four inches.

The verdicts being for plaintiffs, this decision perforce considers the case in the most favorable view for them permitted by the evidence. For that reason we do not discuss the evidence for defendant which at many points forcefully opposes that for plaintiffs. In that aspect we find no error in the charge concerning proximate cause, nor in the failure to instruct concerning an "intervening efficient cause," it having been made plain to the jury that there could be no recovery unless defendant was guilty of negligence which was the proximate cause of the fire.

Orders affirmed.