WATKINSON v. REICHLE.

1. Automobiles—Husband and Wife—Negligence—Contributory Negligence—Questions for Jury.

In action by husband and wife for damages arising out of injuries to latter while former was operating defendants' car at request of defendant wife after car had become stalled, submission of questions of negligence of defendant wife and contributory negligence of plaintiff husband to jury was not error, where evidence showed that defendant wife had informed him twice that the car was not in gear, and, thus reassured, he failed to ascertain it was in gear before attempting to start it.

2. Same—Negligence—Gears—Clutch.

Negligence may be inferred, if not concluded, from starting a car without putting the gears in neutral or disengaging the clutch.

3. Same—Negligence—Misinformation—Gears.

Negligence on part of owner of stalled car was inferable from owner's assurance and reassurance to driver that car was not in gear when it actually was.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Contributory negligence is ordinarily a question of fact for the jury unless the evidence so plainly and clearly shows such contributory negligence that different minds could not reasonably draw different conclusions.

5. SAME—CONTRIBUTORY NEGLIGENCE.
   If the defendant, by his own act, has thrown the plaintiff off his guard, and given him reason to believe that vigilance was not needed, the lack of such vigilance on the part of the plaintiff is no bar to his claim.

6. AUTOMOBILES—HUSBAND AND WIFE—NEGLIGENCE—PROXIMATE CAUSE—GEARS.
   Fact that defendant's car was being operated by husband of woman injured would not preclude recovery of damages by such husband and his wife for injuries to latter where verdict of jury negatives any negligence on his part and the liability of defendant owner was based on her separate and individual negligence in twice assuring the husband that gears of car were in neutral whereas that was not the fact and the injuries to the wife resulted from such direct acts.

7. COSTS—CONSOLIDATED CASES.
   Only one taxation of costs is permitted in consolidated cases.

Appeal from Saginaw; Martin (William H.), J. Submitted January 9, 1940. (Docket Nos. 102, 103, Calendar Nos. 40,846, 40,847.) Decided March 15, 1940.

Separate actions of case by Martha Watkinson and William N. Watkinson against Ernest L. Reichle and Augusta Reichle for damages for personal injuries and for hospital and medical expense incurred as the result of injuries to plaintiff Martha Watkinson received when struck by an automobile driven by plaintiff William N. Watkinson. Cases consolidated for trial and appeal. Dismissed as to defendant Ernest L. Reichle. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*Heilman & Purcell,* for plaintiffs.

*H. Monroe Stanton,* for defendant.

BUTZEL, J. On April 20, 1935, William N. Watkinson and his wife, Martha Watkinson, drove to Oakwood Cemetery near Saginaw. As they were leaving, they noticed defendant Augusta Reichle in difficulties with her new LaSalle car, which was stalled. She hailed Mr. Watkinson and asked him whether he could drive this car. He replied that he could drive any car that was in good mechanical condition, but that he knew very little about a new LaSalle car. Defendant requested him to see what was wrong. He stepped into the car, depressed the clutch pedal somewhat but apparently did not completely disengage the clutch, and started the motor. On looking over the controls he saw at once that the hand brake was on and concluded that this was the real cause of Mrs. Reichle's trouble. He put his hand on the gear shift lever and found that it moved just a little. He was not familiar with the lever in that particular model, and Mrs. Reichle told him twice, not just once, that the car was not in gear. Being so assured by her and relying on her statements, he released the hand brake and the car jumped forward. Unfortunately, Mrs. Watkinson was standing alongside an open door and was struck by it when the car lurched forward. She was knocked down and sustained severe injuries. Independent actions were brought by Mrs. Watkinson for her injuries and by Mr. Watkinson for the medical and hospital expenses incurred for his wife's care against Mrs. Reichle as driver and against Mr. Reichle as a joint owner of the car. The actions were consolidated for trial and resulted in a separate verdict against Mrs. Reichle for each plaintiff.

The cases were dismissed as to Mr. Reichle. We are reviewing the verdicts on one record.

At the close of plaintiffs' proofs, defendant moved for directed verdicts. On denial of the motion, defendant rested. The problem before us is whether there was a jury question on the elements of contributory negligence and negligence of defendant. It is claimed that even though defendant was negligent in informing Mr. Watkinson that the car was not in gear, that he was guilty of contributory negligence in failing to determine for himself whether or not it was in gear, that the proximate cause of Mrs. Watkinson's injuries was the unreasonable conduct of her husband, and that because a wife cannot recover against her husband, she has no right of action against Mrs. Reichle, citing *Riser* v. *Riser,* 240 Mich. 402 (27 N. C. C. A. 518).

There was no error in submitting the questions of contributory negligence and negligence of the defendant to the jury. We have no doubt that, under the circumstances, negligence may at least be inferred, if not concluded, from starting a car without putting the gears in neutral or disengaging the clutch. See *Hunter* v. *Baldwin,* 268 Mich. 106. And a jury may find that there was negligence on the part of Mrs. Reichle in assuring Mr. Watkinson that the car was not in gear, when it actually was.

In *Reedy* v. *Goodin,* 285 Mich. 614, we said that contributory negligence is ordinarily a question of fact for the jury, unless the evidence so plainly and clearly shows such contributory negligence that different minds could not reasonably draw a different conclusion. See, also, *Thompson* v. *Michigan Cab Co.,* 279 Mich. 370; *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich. 445. In *Kinney* v. *Folkerts,* 78 Mich. 687, 697, it was said that "if the defendant, by his own act, has thrown the plaintiff off his guard,

and given him reason to believe that vigilance was not needed, the lack of such vigilance on the part of the plaintiff is no bar to his claim.'' In that case, plaintiff was repairing a suction system in a sawmill. Defendant informed him that the fan would be shut off. Repairs would be dangerous if the fan were in motion. Defendant neglected to shut it off, and plaintiff proceeded with the repair work not knowing that it was still in motion. It was held that whether plaintiff conducted himself as a prudent man under the circumstances was for the jury, that it could not be held as a matter of law that he was guilty of negligence. See, also, *Shadford* v. *Railway Co.,* 121 Mich. 224 (6 Am. Neg. Rep. 579).

Defendant further claims that Mrs. Watkinson cannot recover for injuries sustained while her husband was operating the car as agent of defendant, relying on *Riser* v. *Riser, supra,* where it was held that since a wife could not recover in tort against her husband for injuries occasioned by his negligence (*Harvey* v. *Harvey,* 239 Mich. 142), she could not recover against the owners of the car for whom he drove. It was pointed out that the liability of the owners is based upon a doctrine of agency, and the responsibility for the wrongdoing of the agent is placed upon the principal. But the instant suit is not based on any wrongdoing of Mr. Watkinson. The verdict of the jury negatives any negligence on his part. The liability of Mrs. Reichle is based on her separate and individual negligence, and resulted from her direct acts.

The judgments are affirmed. Plaintiffs shall recover costs, but only one taxation is permitted in consolidated cases.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.