EDWARD JOHNSON v. LAND O'LAKES MOTOR COMPANY AND ANOTHER.[1]

November 10, 1944.

No. 33,796.

[1]Reported in 16 N. W. (2d) 466.

*Dell & Rosengren* and *Swanson Brothers,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondent Land O'Lakes Motor Company.

*Clarence R. Smith,* for respondent Vern Leopold.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries and special damages based upon the negligence of defendants in delivering to plaintiff a tractor upon which defendants had just finished making repairs. The jury returned a verdict of $5,000 for plaintiff. Subsequently the trial court granted defendants' motion for judgment notwithstanding the verdict on the ground that the evidence did not sustain a finding of negligence on the part of defendants and on the further ground that plaintiff was guilty of contributory negligence as a matter of law. From said order this appeal is taken.

On September 3, 1942, and for some time prior thereto, plaintiff was employed by the Dickinson Construction Company. In connection therewith, he was required to drive and operate the 1936 Model C Case tractor involved in this action.

On the aforesaid date, plaintiff took the tractor to the garage of the defendant company for the purpose of having the brakes relined. He drove it up to the workbench in defendant's garage, stopping approximately four feet therefrom. In bringing it to a stop, he pushed forward the "clutch lever" (a rod several feet long rising from the floor board of the tractor). This stopped the tractor with the motor still running, and thereafter he reached over and turned the switch to kill the motor. The gears of the tractor as distinct from the clutch lever were not left in neutral but were in one of the

forward positions. It is undisputed, however, that in this position, with the clutch lever and gears set as described, the tractor could be cranked and the motor started without any forward or backward movement thereof.

In this condition, the tractor was turned over to defendant Leopold, an employe of the company, who proceeded to remove the brake shoe therefrom for the purpose of having it relined. The brake shoe was sent out for relining, and upon its return it was replaced upon the tractor. In the meantime, the position of the clutch lever had been changed from its forward position and pulled back so as to release the brake and place the tractor in position to go forward in the event the motor was started. There is a dispute in the testimony as to who was responsible for this change in the position of the clutch lever, but the jury, by virtue of a special interrogatory submitted to it on this point, found that plaintiff had not touched the clutch lever subsequent to the time he left the tractor in the custody and care of defendants. Leopold admitted that he knew the clutch lever had been moved after plaintiff turned it over to him.

After the work was completed, at a time when plaintiff was standing in front of the tractor, between it and the workbench, and while Leopold was standing at the right side thereof opposite the clutch lever, the latter said to plaintiff: "O. K. Go." Thereupon plaintiff inserted the crank in front of the tractor, turned on the switch, and proceeded to crank the motor. When the motor started the tractor moved forward, pinning plaintiff between the bumper and the bench and causing serious injuries.

Leopold claimed to be unfamiliar with this type of tractor, but admitted that plaintiff had informed him about the functions of the combination brake and clutch lever. He admitted further that he did not look to determine the position of the clutch lever at the time he told plaintiff to crank it or take it out. After the accident he immediately took the tractor out of gear, and it was pushed back from plaintiff, indicating that he was somewhat familiar with its operation.

Upon the foregoing facts (which represent plaintiff's version of the affair, in view of the jury's finding), it is defendants' contention that no issue was left for the jury's determination and that the court properly set aside the verdict, not only because such evidence failed to support a finding of negligence on the part of defendants, but because it established the contributory negligence of plaintiff as a matter of law.

■ We are of the opinion that the evidence is sufficient to sustain a finding of negligence on the part of defendants. At the time plaintiff turned over the tractor to defendants the gears and clutch lever were fixed in such position that upon being cranked the tractor would not move forward. Thereafter, while the tractor was in defendants' custody, someone, presumably Leopold, caused the gear lever to be moved back so that when the tractor was cranked it would move forward. The jury absolved plaintiff from any connection with this change in the gear lever, and, by inference, defendants alone were responsible therefor. There is sufficient evidence in the record to show that Leopold was familiar enough with the operation of the tractor at least to know the significance of the changed position of the clutch lever. He had been a mechanic for 20 years, employed for a considerable portion of that time by the company to do both tractor and automobile repair work. He had followed various changes in tractors from the earlier models down to present-day ones. Plaintiff's employer was one of the regular customers of the company, which did at least a portion of its tractor work. It seems clear that the foregoing evidence reasonably sustains a finding that he was familiar with the effect of pulling back the clutch lever from its forward position and that he was negligent in so doing without warning plaintiff thereof.

Defendants were bound to exercise a degree of care which reasonably prudent men would employ under like circumstances. Leopold's remark to plaintiff, which was in effect an instruction to crank the motor, before he had checked to see whether the operation could be performed without the tractor moving forward, particularly when he knew that plaintiff was in a position of danger

if the tractor should move forward, coupled with plaintiff's reliance upon this assurance and his act of proceeding to crank the tractor in obedience to the instruction "O. K. Go," would seem amply to sustain the jury's finding of negligence on the part of defendants.

The trial court in its memorandum indicated that the evidence would reasonably sustain a finding that the clutch lever had been moved by Leopold, but felt that it would not sustain a finding that Leopold was aware of the effect of so moving it. In the latter conclusion we think the trial court was in error. The evidence we have outlined indicates knowledge on the part of Leopold of the effect of this action. In any event, if it be true that he manipulated the clutch lever and changed it from the safe position in which plaintiff had left it to one where a forward movement of the tractor would follow a cranking of the motor, the least of his obligations would have been to warn plaintiff that the clutch lever had been moved before instructing him to proceed to crank and take out the tractor.

The exact point here involved has not been passed upon by this court. The case of Hunter v. Baldwin, 268 Mich. 106, 108, 255 N. W. 431, has some points of similarity. There the court, in holding the defendant negligent for requesting plaintiff to crank an automobile in gear, stated:

"When defendant * * * handed the crank to plaintiff and asked him to crank the car, he knew the position plaintiff was in and he also knew that if the car was left in gear when the engine started the car would move and likely injure plaintiff. Defendant * * * owed plaintiff a duty that he failed to observe. The plaintiff had a right to rely on the driver of the car having his car in control and was not called upon to anticipate that the driver would have his car in gear while it was being cranked.

" 'Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended.' "

See, also, Watkinson v. Reichle, 292 Mich. 484, 290 N. W. 877.

Kayser v. Jungbauer, 217 Minn. 140, 145, 14 N. W. (2d) 337, 340, cited by defendants, is distinguishable from the instant case. In that case we held that a station operator was not guilty of negligence in leaving a car parked on the station driveway in reverse gear where a third party, in attempting to start the motor, subsequently backed it into a bystander. We held the station operator "could not reasonably anticipate that someone would attempt to start the car without ascertaining that the gears were in neutral or disengaging the clutch."

Here, defendant not only changed the safe position in which plaintiff had placed the clutch lever to a position which would permit forward movement of the vehicle, but went further and in effect indicated to plaintiff that it was safe for him to crank the motor notwithstanding the changed position of the clutch lever. Certainly defendants here had reasonable ground to anticipate that such actions might result in injury to plaintiff in contrast to the facts in the case referred to.

■ Somewhat greater difficulty is involved in connection with the question of plaintiff's freedom from contributory negligence. Here again, however, we have concluded that this question was properly one for the jury, and that upon the facts presented the court erred in holding that plaintiff was guilty of contributory negligence as a matter of law. It must be recalled that at the time plaintiff delivered the custody of the tractor to defendants he had fixed the clutch lever thereof in such a position that the tractor would not go forward even though the motor was running. The fact that the gears were left in a forward position did not alter this fact. It was the action of defendants in pulling back this clutch lever which placed the tractor in a position to go forward if the motor were cranked. Accordingly, we cannot find that plaintiff's action in leaving the tractor in gear can be regarded as negligence as a matter of law.

The only other possibility of upholding the court's conclusion in this respect might be plaintiff's failure to check the mechanism of

the tractor prior to the time he cranked it. It would seem, however, that plaintiff had the right to rely upon the instruction given him by defendants, and to assume that the latter had not changed the clutch lever from the position in which plaintiff had left it, or at least that Leopold had checked the same and found the mechanism set so as to make it safe for plaintiff to crank the motor. Leopold's position directly opposite the various levers no doubt led plaintiff to believe that Leopold had checked their position before giving the signal to go ahead.

It is true that plaintiff could have observed the top of the clutch lever from over the front of the tractor. However, such observation was limited to the top portion of the lever, making it difficult to determine whether it was in a forward or backward position. Under these circumstances, we feel that it was properly for the jury to determine whether plaintiff's actions constituted contributory negligence on his part or whether he was justified in relying upon defendants' instructions and thereby absolving himself in this respect. One may rely upon assurances of others where, under the same circumstances, ordinarily prudent men would do so; and we have frequently held that, when assurances of safety are given, they become factors which make the issue of contributory negligence one of fact. See, Wright v. Holland Furnace Co. Inc. 186 Minn. 265, 268, 243 N. W. 387, 388; Wrought-Iron R. Co. v. Graham (4 Cir.) 80 F. 474, 25 C. C. A. 570. Under this doctrine, we are satisfied that the question of plaintiff's contributory negligence was properly one for the jury and that the court erred in setting aside the verdict on this issue.

Reversed with directions to reinstate verdict for plaintiff.